UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

GAUDENCIO GARCIA-CELESTINO,                    )
ERNESTO AGUILAR-BOCANEGRA,                     )
PORFIRIO AGUILAR-FABIAN,                       )        **CIVIL ACTION**
MIGUEL AGUILAR-GUERRERO,                       )        **No. 2:10-cv-00542-CEH-DNF**
FELIPE ANGELES-GALLARDO,                       )
RODOLFO CABALLERO-PALACIO,                     )
PORFIRIO CAMACHO-GARCIA,                       )
REYNALDO CAMACHO-GARCIA,                       )
EMANUEL CAMACHO-LINARES,                       )
RAYMUNDO CRUZ-VICENCIO,                        )
RAUL ISMAEL ESTRADA-GABRIEL,                   )
DANIEL FERRO-NIEVES,                           )
JOSE MANUEL FERRO-NIEVES,                      )
EDUARDO FLORES-AGUILAR,                        )
ESIQUIO GARCIA-MARTINEZ,                       )
 J. CARMEN GONZALEZ-CABALLERO,                 )
JUVENAL GONZALEZ-JUAREZ,                       )
ESPIRIDION GONZALEZ-MARTINEZ,                  )
PASCUAL GUERRERO-FABIAN,                       )
SIMON GUZMAN-ROMERO,                           )
ANTONIO MARTINEZ,                              )
PROCORO MARTINEZ-AGUILAR,                      )
FRANCISCO MATA-CRUZ,                           )
ALFREDO MORA-MARTINEZ,                         )
JUAQUIN RESENDIZ-ALVARES,                      )
JESUS ROJAS MALDONADO,                         )
JOSE JESUS ROMERO ROJAS,                       )
MARTIN RUIZ-OLANDEROS,                         )
RAMON RUIZ-LANDEROS,                           )
REYNALDO SANCHEZ-IBARRA,                       )
PALEMON SANCHEZ-HUERTA,                        )
MIGUEL SANCHEZ-MORALES,                        )
URBANO SANCHEZ-RODRIGUEZ,                      )
FRANCISCO SUAREZ-GALAN,                        )
LEOPOLDO TREJO-CARRILLO,                       )
ISRAEL UGALDE-EGUIA,                           )
ROBERTO VASQUEZ-ESCOBAR, and                   )
LUIS VEGA-CAMACHO individually and             )

| | |
|---|---|
| on behalf of all other persons similarly situated, ) | |
| ) | |
| Plaintiffs, ) | **CLASS ACTION** |
| ) | |
| vs. ) | |
| ) | |
| RUIZ HARVESTING, INC. ) | |
| BASILISO RUIZ and ) | |
| CONSOLIDATED CITRUS ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, COSTS OF LITIGATION AND ATTORNEY'S FEE

### PRELIMINARY STATEMENT

1.     This is an action by 38 migrant farmworkers employed by Defendants Ruiz Harvesting, Inc. ("Ruiz Harvesting") Basiliso Ruiz ("Ruiz") and Consolidated Citrus Limited Partnership ("CCLP") to perform labor picking citrus fruit in central Florida in the 2006-07, 2007-08, 2008-09, and/or 2009-10 harvest seasons.  On behalf of themselves and their co-workers who picked citrus fruit for the Defendants during the 2006-07, 2007-08, 2008-09 and/or 2009-10 central Florida citrus harvests,  the Plaintiffs bring this action to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), the minimum wage provisions of the Florida Constitution, Article X, Section 24, federal regulations governing the temporary foreign agricultural worker program, 20 C.F.R. §§655.100, *et seq.*, and common law.  The representative Plaintiffs assert the foregoing claims on behalf of themselves and all others similarly situated.

2.  The Plaintiffs claim that Defendants Ruiz Harvesting, Ruiz, and CCLP failed to pay

them minimum wages as required by the FLSA and the Florida Constitution with regard to their employment picking oranges during the 2006-07, 2007-08, 2008-09, and/or 2009-10 Florida citrus harvest. In addition, in violation of the AWPA and in contravention of federal regulations and the workers' employment contracts, Defendants Ruiz Harvesting, Inc, Basiliso Ruiz, and CCLP paid the Plaintiffs and their co-workers only their piece-rate earnings, which routinely fell below the wage levels dictated by the FLSA, the minimum wage provisions of the Florida Constitution and the H-2A regulations.

3. Ruiz Harvesting and Ruiz jointly employed two distinct groups of migrant workers during the 2006-07, 2007-08, 2008-09 and/or 2009-10 citrus harvests. Ruiz Harvesting employed agricultural "guest workers" recruited from Mexico pursuant to the temporary agricultural work visa program, commonly known as the "H-2A program." 8 U.S.C. §1188(H)(ii)(a). These guest workers ("H-2A workers") had written contracts of employment with Ruiz Harvesting that included specific representations regarding wages, hours and working conditions. The terms of these employment contracts were dictated primarily by federal regulations. The H-2A worker Plaintiffs assert claims under the FLSA, the minimum wage provisions of the Florida Constitution and for breach of contract.

4. Ruiz Harvesting also employed migrant workers who were not H-2A guest workers ("migrant agricultural workers"). These non-H-2A, migrant agricultural workers were recruited from within the United States. As a matter of law, Ruiz Harvesting was not permitted to offer less favorable terms to similarly-situated domestic workers than it extended to its H-2A guest workers. 20 C.F.R. §655.102(a). Thus, the same terms and conditions of employment offered contractually to the H-2A workers were incorporated as the minimum terms of the AWPA "working arrangement" of the migrant agricultural workers. The migrant agricultural worker

Plaintiff asserts claims under the AWPA, the FLSA and the minimum wage provisions of the Florida Constitution.

5.   Throughout the period while the Plaintiffs were jointly employed by Ruiz Harvesting, Basiliso Ruiz and CCLP during the 2006-07, 2007-08, 2008-09 and/or 2009-10 central Florida citrus harvests, the Defendants breached the terms of the Plaintiffs' employment agreements. The Defendants consistently failed to pay the promised wage for all hours worked. The Defendants also failed to reimburse the H-2A worker Plaintiffs for costs they incurred primarily for the benefit of the Defendants to the extent that these costs reduced these Plaintiffs' earnings for their first week of work below the required hourly rate.

6.   Migrant agricultural worker Plaintiff Francisco Suarez Galan asserts a claim under the AWPA for violations of the Act's recordkeeping, wage statement, working arrangement and wage payment provisions. All of the Plaintiffs assert claims under the FLSA. The H-2A workers seek class-based relief for breach of contract. Plaintiffs Ernesto Aguilar-Bocanegra, Porfirio Aguilar-Fabian, Miguel Aguilar-Guerrero, Felipe Angeles-Gallardo, Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Reynaldo Camacho-Garcia, Emanuel Camacho-Linares, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, Daniel Ferro-Nieves, Jose Manuel Ferro-Nieves, Eduardo Flores-Aguilar, Gaudencio Garcia-Celestino, Esiquio Garcia-Martinez, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez, Espiridion Gonzalez-Martinez, Pascual Guerrero-Fabian, Simon Guzman-Romero, Antonio Martinez, Procoro Martinez-Aguilar, Francisco Mata-Cruz, Alfredo Mora-Martinez, Juaquin Resendiz-Alvares, Jesus Rojas Maldonado, Jose Jesus Romero Rojas, Martin Ruiz-Olanderos, Ramon Ruiz-Landeros, Reynaldo Sanchez-Ibarra, Palemon Sanchez-Huerta, Miguel Sanchez-Morales, Urbano Sanchez-Rodriguez, Leopoldo Trejo-Carrillo, Israel Ugalde-Eguia, Roberto Vasquez-Escobar, and Luis Vega-Camacho are

class representatives for the proposed class.

7.    The Plaintiffs seek to recover their unpaid wages, actual, statutory, liquidated, consequential and compensatory damages and pre- and post-judgment interest. The Plaintiffs also seek a reasonable attorney's fee pursuant to 29 U.S.C. §216(b), §448.08, Fla. Stat. and Article X, Section 24 of the Florida Constitution.

## JURISDICTION

8.    Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 29 U.S.C. §1854(a), this action arising under the AWPA; by 28 U.S.C. §1331, this action arising under the laws of the United States and presenting state law claims that implicate significant federal issues; by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing supplemental jurisdiction over the common law claims.

9.    This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

10.    Declaratory relief is authorized pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

11.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1854.

- 5 -

# PARTIES

12. Plaintiff Francisco Suarez-Galan is a migrant agricultural worker, within the meaning of the AWPA, who was recruited and hired within the United States by the Defendants and employed by the Defendants during the 2006-07, 2007-08, and 2008-09 central Florida citrus harvests. Throughout those harvest seasons, Plaintiff Suarez-Galan was employed by the Defendants harvesting citrus fruit on a temporary or seasonal basis and was required to be absent overnight from his permanent place of residence.

13. Representative Plaintiffs Ernesto Aguilar-Bocanegra, Porfirio Aguilar-Fabian, Miguel Aguilar-Guerrero, Felipe Angeles-Gallardo, Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Reynaldo Camacho-Garcia, Emanuel Camacho-Linares, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, Daniel Ferro-Nieves, Jose Manuel Ferro-Nieves, Eduardo Flores-Aguilar, Gaudencio Garcia-Celestino, Esiquio Garcia-Martinez, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez, Espiridion Gonzalez-Martinez, Pascual Guerrero-Fabian, Simon Guzman-Romero, Antonio Martinez, Procoro Martinez-Aguilar, Francisco Mata-Cruz, Alfredo Mora-Martinez, Juaquin Resendiz-Alvares, Jesus Rojas Maldonado, Jose Jesus Romero Rojas, Martin Ruiz-Olanderos, Ramon Ruiz-Landeros, Reynaldo Sanchez-Ibarra, Palemon Sanchez-Huerta, Miguel Sanchez-Morales, Urbano Sanchez-Rodriguez,Leopoldo Trejo-Carrillo, Israel Ugalde-Eguia, Roberto Vasquez-Escobar, and Luis Vega-Camacho  are citizens of Mexico who reside in the Mexican states of Guanajuato, Queretaro or Veracruz and who were admitted to the United States on a temporary basis pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(a) to work for the Defendants during the 2007-08, 2008-09 and/or 2009-10 central Florida citrus harvests.

- 6 -

14.     At all times relevant to this action, the Plaintiffs were employed in the production of goods for interstate commerce, within the meaning of the FLSA.

15.     Defendant Ruiz Harvesting, Inc. is a Florida Corporation headquartered in Okeechobee, Florida.  At all times relevant to this action, Ruiz Harvesting, Inc. was a farm labor contractor within themeaning of the AWPA in that, for a fee, it recruited, solicited, hired, furnished, or employed migrant agricultural workers.  At all times relevant to this action, Defendant Ruiz Harvesting, Inc. employed the Plaintiffs and the other class members within the meaning of the FLSA, 29 U.S.C. §203(d).  At all times relevant to this action, Defendant Ruiz Harvesting, Inc. was an employer of the Plaintiffs and the other class members within the meaning of 20 C.F.R. §655.100(b).

16.     Defendant Basiliso Ruiz  is a resident of Okeechobee, Florida.   He is the owner and president of Ruiz Harvesting, Inc.  At all times relevant to this action, Defendant Basiliso Ruiz managed the day-to-day affairs and acted on behalf of Ruiz Harvesting, Inc.   At all times relevant to this action, Defendant Basiliso Ruiz was a farm labor contractor within the meaning of AWPA in that, for a fee, he recruited, solicited, hired, furnished, or employed migrant agricultural workers.  At all times relevant to this action, Defendant Basiliso Ruiz employed the Plaintiffs and the other class members within the meaning of the FLSA, 29 U.S.C. §203(d).  At all times relevant to this action, Defendant Basiliso Ruiz was an employer of the Plaintiffs and the other class members within the meaning of 20 C.F.R. §655.100(b).

17.     Defendant Consolidated Citrus Limited Partnership is a Florida limited partnership that maintains its principal offices in Fort Myers, Florida.  Consolidated Citrus Limited Partnership is one of the nation's largest citrus growers and operates citrus groves in Highlands,

DeSoto, Charlotte, Lee, Hendry, Okeechobee, Polk and Martin Counties.  At all times relevant to

this action, Consolidated Citrus Limited Partnership employed the Plaintiffs and the other class

members within the meaning of the FLSA, 29 U.S.C. §203(d).  At all times relevant to this

action, Consolidated Citrus Limited Partnership was an employer of the Plaintiffs and the other

class members within the meaning of 20 C.F.R. §655.100(b). At all times relevant to this action,

CCLP was an agricultural employer within the meaning of the AWPA in that it owned or

operated a farm and employed Plaintiff Francisco Suarez-Galan and other migrant agricultural

workers.

## STATEMENT OF FACTS

18.    An agricultural employer in the United States may import aliens to perform labor of

a temporary nature if the U.S. Department of Labor certifies that (1) there are insufficient

available workers within the United States to perform the job, and (2) the employment of aliens

will not adversely affect the wages and working conditions of similarly-situated U.S. workers.  8

U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188 (a)(1).  Aliens admitted in this fashion are commonly

referred to as "H-2A workers."

19.  Agricultural employers seeking the admission of H-2A workers must first file a

temporary labor certification application with the U.S. Department of Labor.  20 C.F.R.

§§655.101(a)(1) and (b)(1).  This application must include a job offer, commonly referred to as a

"clearance order" or "job order," complying with applicable regulations, which is used in the

recruitment of both U.S. and H-2A workers.  20 C.F.R. §655.101(b)(1).  These regulations

establish the minimum benefits, wages, and working conditions that must be offered in order to

avoid adversely affecting similarly-situated U.S. workers.  20 C.F.R. §§655.0(a)(2), 655.102(b), and 655.103.  Among these terms are the following:

(a)     Payment to all workers of at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period.  20 C.F.R. §§655.102(b)(9)(i) and (ii).  The applicable adverse effect wage rate for Florida was $8.56 per hour from the beginning of the 2007-08 harvest through February 25, 2008.  The adverse effect wage rate for Florida from February 26, 2008 through the conclusion of the 2008-09 harvest was $8.82 per hour;

(b)     An assurance that the employer will keep accurate and adequate records with respect to the workers' earnings and all deductions from wages and the reasons therefor.  20 C.F.R. §655.102(b)(7)(i);

(c)     An assurance that the employer will furnish to the worker each payday an hours and earnings statement itemizing all deductions from wages.  20 C.F.R. §655.102(b)(8);

(d)     An assurance that the employer will provide without charge all tools required to perform the job duties, except in instances in which other arrangements are approved in advance by the Regional Administrator of the United States Department of Labor.  20 C.F.R. §655.102(b)(3);

(e)     An assurance that the employer will abide by the requirements of 20 C.F.R. §653.501, including the requirements of 20 C.F.R. §653.501(d)(4), mandating compliance with state minimum wage laws; and

(f)     An assurance that the employer will offer U.S. workers no less than the same

benefits, wages and working conditions that it offers to H-2A workers.

20.    Where an agricultural employer obtains some of its workforce through the H-2A program, the terms of the "clearance order" or "job order" establish the minimum terms and conditions of work on the employer's operations for other similarly-employed agricultural workers.  The terms and conditions set forth by the "clearance order" or "job order" are incorporated as the minimum terms and conditions of the AWPA working arrangement under 29 U.S.C. §§1822(c) and 1832(c), governing the employment of similarly-situated migrant and seasonal agricultural workers recruited to work on the employer's operations.

21.    Prior to the commencement of the 2006-07, 2007-08, 2008-09 and 2009-10 Florida citrus harvests, Defendant Consolidated Citrus Limited Partnership hired Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz to furnish farmworkers to assist in harvesting citrus fruit in CCLP's central Florida groves.

22. Because of the lack of available documented workers in the area of their operations, and at the direction of Consolidated Citrus Limited Partnership, Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz filed applications to employ temporary foreign workers through the H-2A program.  Separate applications were filed for the 2006-07, 2007-08, 2008-09, and 2009-10 harvest seasons.  These applications listed Ruiz Harvesting, Inc. as the employer of the guest workers and identified the Florida Fruit & Vegetable Association as Ruiz Harvesting's agent. The Ruiz Harvesting temporary labor certification application for the 2006-07 harvest sought admission of 49 workers for employment from December 26, 2006 through June 30, 2007.  The Ruiz Harvesting temporary labor certification application for the 2007-08 harvest sought

- 10 -

admission of 94 workers for employment from November 12, 2007 through June 30, 2008.   The

Ruiz Harvesting temporary labor certification application for the 2008-09 harvest sought

admission of 127 workers for employment from November 27, 2008 through July 15, 2009. The

Ruiz Harvesting temporary labor certification application for the 2009-10 harvest sought

admission of 65 workers for employment from November 19, 2009 through June 21, 2010.

23.   As part of the temporary labor certification applications described in Paragraph 22,

Ruiz Harvesting, Inc. and Basiliso Ruiz submitted to the United States Department of Labor

clearance orders which contained a certification that the orders described the actual terms and

conditions of employment being offered and contained all material terms and conditions of the

job, as required by 20 C.F.R. §653.501(d)(3).  The essential terms of the clearance orders were

dictated by federal regulations at 20 C.F.R. §§653.501, 655.102, and 655.103.

24. The United States Department of Labor accepted the temporary labor certification

applications and clearance orders submitted on behalf of Ruiz Harvesting, Inc. as described in

Paragraphs 22 and 23 and circulated the clearance orders to local job service offices in an effort

to recruit U.S. workers to fill the positions offered.  When these efforts failed, the Department of

Labor certified shortages of labor for all of the openings described in the Ruiz Harvesting

clearance orders.  The United States Customs and Immigration Services (USCIS) of the

Department of Homeland Security issued H-2A visas to fill the manpower needs described in the

Ruiz Harvesting clearance orders.

25.  The Ruiz Harvesting clearance orders described in Paragraph 23, explicitly and

implicitly, incorporated the Department of Labor regulations at 20 C.F.R. §655 Subpart B,

including the terms described in Paragraph 19 of this Complaint.

26. The Defendants recruited the H-2A Plaintiffs and the other class members from Mexico to fill the positions offered in the Ruiz Harvesting clearance orders.

27. The clearance orders served as the work contracts between the Defendants and the H-2A workers recruited (including the H-2A Plaintiffs), pursuant to 20 C.F.R. §655.102(b)(14). The 2006-07 Ruiz Harvesting clearance order governed the employment between the Defendants and Plaintiff Francisco Suarez-Galan, who was employed as member of the Ruiz Harvesting, Inc./Basiliso Ruiz crew during the 2006-07 harvest season. The 2007-08 Ruiz Harvesting clearance order governed the employment between the Defendants and all other members of the class, including the Plaintiffs Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Emanuel Camacho-Linares, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez, Antonio Martinez, Ramon Ruiz-Landeros, Palemon Sanchez-Huerta, Miguel Sanchez-Morales, Urbano Sanchez-Rodriguez, Francisco Suarez-Galan, Leopoldo Trejo-Carrillo, Israel Ugalde-Eguia, Roberto Vasquez-Escobar, Luis Vega-Camacho, who were employed as members of the Ruiz Harvesting, Inc./Basiliso Ruiz crew during the 2007-08 harvest season. The 2008-09 Ruiz Harvesting clearance order governed the employment between the Defendants and all other members of the class, including the Plaintiffs Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez, Antonio Martinez, Ramon Ruiz-Landeros, Palemon Sanchez-Huerta, Francisco Suarez-Galan, Luis Vega-Camacho, who were employed as members of the Ruiz Harvesting, Inc./Basiliso Ruiz crew during the 2008-09 harvest season. The 2009-10 Ruiz Harvesting clearance order governed the employment between the Defendants and all other members of the class, including the Plaintiff Procoro Martinez-Aguilar who was employed as member of the

- 12 -

Ruiz Harvesting, Inc./Basiliso Ruiz crew during the 2009-10 harvest season.

28.  Following their recruitment, the H-2A Worker Plaintiffs and the other class members traveled at their own expense from their respective homes to Monterrey, Nuevo Leon, Mexico to apply for H-2A visas.  Each worker was required to purchase a passport, into which the H-2A visa was to be affixed.  In addition, each worker paid approximately $100 for issuance of an H-2A visa to obtain employment pursuant to the clearance order, as well as a visa application fee of approximately $115.  The workers also incurred lodging expenses while they remained in Monterrey, waiting for their H-2A visa applications to be processed.  At the U.S.-Mexico border, the H-2A Worker Plaintiffs and the other class members each paid U.S. immigration officials a fee of $6 for issuance of Form I-94 as a prerequisite for entering the United States.

29.  The H-2A Worker Plaintiffs and the other class members incurred transportation and subsistence expenses in traveling from their homes to Monterrey, and from Monterrey to the Defendants' jobsite in Florida.

30.  The expenses incurred by the H-2A Worker Plaintiffs and the other class members in preparation for working for the Defendants, as described in Paragraphs 28 and 29 were primarily for the benefit of the Defendants.  The H-2A Worker Plaintiffs and the class members were not reimbursed for these expenses during the first week of their employment with the Defendants.

31.  The Plaintiffs and the other class members worked picking citrus fruit with the Ruiz Harvesting, Inc./Basiliso Ruiz crew on the operations of Consolidated Citrus Limited Partnership at various points during the 2006-07, 2007-08, 2008-09 and/or 2009-10 harvest seasons, performing the tasks set out in the Ruiz Harvesting clearance orders.  The Plaintiffs and the other class members were compensated for this labor on a piece-rate basis, based on the number

- 13 -

of tubs of fruit they harvested.

32. In order to record the amount of compensable time the Plaintiffs and the other class members worked during the 2006-07, 2007-08, 2008-09 and/or 2009-10 harvests, the Defendants utilized an electronic timekeeping system owned and maintained by Defendant Consolidated Citrus Limited Partnership. The data collected by the electronic timekeeping system were provided to Ruiz Harvesting, Inc., for use in the preparation of the workers' weekly paychecks and the payroll records relating to their employment.

33. Utilizing the data collected by the electronic timekeeping system described in Paragraph 32, Ruiz Harvesting Inc. prepared payroll records and paychecks with detachable stubs with respect to the labor of the Plaintiffs and the other class members during the 2006-07 and 2007-08 harvest seasons; and prepared payroll records and direct deposits with pay stubs with respect to the labor of the Plaintiffs and the other class members during the 2008-09 and 2009-10 harvest seasons. The compensable time worked each workweek as reflected on the payroll records and the workers' check stubs and direct deposit stubs was derived from the data extracted from Consolidated Citrus Limited Partnership's electronic timekeeping system.

34. The piece-rate earnings of the Plaintiffs and the other class members on many occasions totaled less than the amount due under the applicable adverse effect wage rate, 20 C.F.R. §655.102(b)(9). At times, these piece-rate earnings were less than the amount due under the minimum wage provisions of the FLSA, 29 U.S.C. §206(a) and/or the minimum wage provisions of the Florida Constitution, Art.10 §24. When this occurred, the payroll software utilized by Ruiz Harvesting, Inc. automatically added supplemental money to the workers' piece-rate earnings so as to boost these earnings to the then-applicable adverse effect wage rate. Any

- 14 -

such supplemental money appeared on the check stub/direct deposit stub as a separate line item labeled "Minimum Wage H2A."

35. At the beginning of both the 2006-07, 2007-08, 2008-09 and 2009-10 harvest seasons, Defendant Basiliso Ruiz met with the Plaintiffs and the other workers to be employed and explained to them the piece-rate system to be used in computing their compensation. Ruiz also explained to the workers that their weekly paychecks might contain moneys labeled "Minimum Wage H2A." Ruiz explained that any worker receiving "Minimum Wage H2A" would be required to return this money to Ruiz or his staff upon request.

36. Throughout the 2006-07, 2007-08, 2008-09 and 2009-10 citrus harvests, the Plaintiffs and other members of the Ruiz Harvesting, Inc./Basiliso Ruiz crew received paychecks and/or direct deposits including sums labeled "Minimum Wage H2A" on the check/direct deposit stubs. On each payday, those workers whose wages included "Minimum Wage H2A" were required to kickback these "Minimum Wage H2A" sums in cash to Ruiz or one of his lieutenants. After these kickbacks, the workers received only their piece-rate earnings for the week.

37. As a result of the practices described in Paragraph 36, the Plaintiffs and the other class members did not receive the applicable adverse effect wage rate, as promised by the Ruiz Harvesting clearance orders and required by 20 C.F.R. §655.102(b)(9)(ii)(A).

38. As a result of the practices described in Paragraph 36, the Plaintiffs and the other class members on some occasions did not receive the pay period earnings at least equal to the minimum wage required by the FLSA and the minimum wage provisions of the Florida Constitution, Art.10 §24.

- 15 -

39. As a result of the practices described in Paragraph 36, the payroll records maintained by the Defendants with respect to the Plaintiffs and the other class members were inaccurate, because they did not accurately show the wages actually paid, but instead included the "Minimum Wage H2A" pay that the workers were required to kickback to Ruiz.

40. As a result of the practices described in Paragraph 36, the wage statements set out in the check/direct deposit stubs provided to the Plaintiffs and the other class members were inaccurate, because they did not accurately show the wages actually paid, but instead included the "Minimum Wage H2A" pay that the workers were required to kickback to Ruiz..

41. The Defendants failed to pay for the full cost of transportation costs between the homes of the H-2A Worker Plaintiffs and the other class members and the Defendants' jobsite and subsistence *en route* for those class members who completed the first 50 percent of the contract period, in violation of the clearance orders and 20 C.F.R. §655.102(b)(5)(i).

42. The Defendants failed to provide or pay for the full transportation costs home and subsistence costs *en route* for the H-2A Worker Plaintiffs and the other class members who completed the contract period, in violation of the clearance orders and 20 C.F.R. §655.102(b)(5)(ii).

## CLASS ACTION ALLEGATIONS

43. All claims set forth in Count V are brought by the Representative Plaintiffs Ernesto Aguilar-Bocanegra, Porfirio Aguilar-Fabian, Miguel Aguilar-Guerrero, Felipe Angeles-Gallardo, Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Reynaldo Camacho-Garcia, Emanuel Camacho-Linares, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, Daniel Ferro-Nieves,

- 16 -

Jose Manuel Ferro-Nieves, Eduardo Flores-Aguilar, Gaudencio Garcia-Celestino, Esiquio

Garcia-Martinez, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez, Espiridion Gonzalez-

Martinez, Pascual Guerrero-Fabian, Simon Guzman-Romero, Antonio Martinez Procoro

Martinez-Aguilar, Francisco Mata-Cruz, Alfredo Mora-Martinez, Juaquin Resendiz-Alvares,

Jesus Rojas Maldonado, Jose Jesus Romero Rojas, Martin Ruiz-Olanderos, Ramon Ruiz-

Landeros, Reynaldo Sanchez-Ibarra, Palemon Sanchez-Huerta, Miguel Sanchez-Morales, Urbano

Sanchez-Rodriguez, Leopoldo Trejo-Carrillo, Israel Ugalde-Eguia, Roberto Vasquez-Escobar,

and Luis Vega-Camacho on behalf of themselves and all other similarly situated persons

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

44.     The Representative Plaintiffs seek to represent a class consisting of all H-2A

temporary foreign workers who were employed pursuant to a temporary labor certification issued

to Ruiz Harvesting, Inc. for work during the 2007-08, 2008-09, or 2009-10 central Florida citrus

harvests.

45.     The class members are so numerous and so geographically dispersed as to make

joinder impracticable. The precise number of individuals in the class is known only to the

Defendants. However, the class is believed to include at least 80 individuals. The class is

comprised of indigent migrant workers who are citizens of Mexico. The class members are not

fluent in the English language and are unfamiliar with the American judicial system. The

relatively small size of the individual claims and the indigence of the subclass members makes

the maintenance of separate actions by each subclass member economically infeasible.

46.     There are questions of law and fact common to the class. These common legal and

factual questions include whether the Defendants were obligated to provide the class members

picking sacks without charge; whether the Defendants failed to pay the class members the contractual AEWR for all compensable hours worked; whether the Defendants failed to maintain complete and accurate records regarding the work of members of the class; whether the Defendants failed to provide the members of the class with complete and accurate wage statements; and whether the Defendants violated their contracts with the class members as embodied in the clearance order by failing to pay the class members wages as mandated by the Florida Minimum Wage Act.

47.   The claims of the Representative Plaintiffs are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members.  The Representative Plaintiffs have the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

48.   The Representative Plaintiffs will fairly and adequately represent the interests of the class.  The Representative Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

49.   Counsel for the Representative Plaintiffs is experienced in handling actions by H-2A workers to enforce their rights under their employment contracts and has handled numerous class actions in the federal courts, including class actions on behalf of H-2A workers bringing claims similar to those presented in this action.  The Representative Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

50.   A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

- 18 -

a.   The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.   Many members of the class are unaware of their rights to prosecute these claims and/or lack the means or resources to secure legal assistance;

c.   There has been no litigation already commenced against the Defendants by the members of the class to determine the questions presented;

d.   It is desirable that the claims be heard in this forum because the Defendants reside in this district and the acts giving rise to the causes of action set out herein arose in this district; and

e.   A class action can be managed without undue difficulty because the Defendants have regularly committed the violations complained of herein, and were required to maintain detailed records concerning each member of the class.

## CLAIMS FOR RELIEF

## COUNT I

### (Migrant and Seasonal Agricultural Worker Protection Act)

### (2006-07 Citrus Harvest Season)

51.   Plaintiff Francisco Suarez-Galan realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

52.   This count sets forth claims for money damages by Plaintiff Francisco Suarez-Galan arising from the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act and its implementing regulations during the 2006-07 citrus harvest.

53.   The terms set out in the clearance order submitted in conjunction with the Defendants' temporary labor certification application for the 2006-07 harvest constituted a working arrangement between the Defendants and Plaintiff Francisco Suarez-Galan within the meaning of the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

54. The Defendants violated without justification their working arrangement with Plaintiff Francisco Suarez-Galan, thereby violating the AWPA, 29 U.S.C. §1822(c), and its attendant regulations, 29 C.F.R. §500.81 by providing terms and conditions of employment that were materially different from those described in the 2006-07 clearance order. Plaintiff Francisco Suarez-Galan was not paid at least the applicable adverse effect wage for his labor, as set out in Paragraphs 36 and 37; and the Defendants failed to comply with the minimum wage provisions of the FLSA and the Florida Constitution, employment-related laws, as set out in paragraphs 36 and 38;

55. The Defendants failed to make, keep and preserve accurate and complete records regarding the work of Plaintiff Francisco Suarez-Galan, in violation of the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a).

56. The Defendants failed to provide Plaintiff Francisco Suarez-Galan with complete and accurate itemized written statements for each pay period containing the information required by the AWPA, because of the omission of data showing the amounts kicked back to Defendant

Ruiz, as set out in paragraphs 36 and 40, in violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d).

 57. By the actions and omissions described in Paragraph 54, the Defendants failed to pay Plaintiff Francisco Suarez-Galan his wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. §1822(a), and its attendant regulations, 29 C.F.R. §500.81.

 58. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

 59. As a result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff Francisco Suarez-Galan has suffered damages.

<br>

## COUNT II

### (Migrant and Seasonal Agricultural Worker Protection Act)

### (2007-08 Citrus Harvest Season)

 60. Plaintiff Francisco Suarez-Galan realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

 61. This count sets forth claims for money damages by Plaintiff Francisco Suarez-Galan arising from the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act and its implementing regulations during the 2007-08 citrus harvest.

 62. The terms set out in the clearance order submitted in conjunction with the Defendants' temporary labor certification application for the 2007-08 harvest constituted a

working arrangement between the Defendants and Plaintiff Francisco Suarez-Galan within the meaning of the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

63. The Defendants violated without justification their working arrangement with Plaintiff Francisco Suarez-Galan, thereby violating the AWPA, 29 U.S.C. §1822(c), and its attendant regulations, 29 C.F.R. §500.81 by providing terms and conditions of employment that were materially different from those described in the 2007-08 clearance order. Plaintiff Francisco Suarez-Galan was not paid at least the applicable adverse effect wage for his labor, as set out in Paragraphs 36 and 37; and the Defendants failed to comply with the minimum wage provisions of the FLSA and the Florida Constitution, employment-related laws, as set out in paragraphs 36 and 38;

64. The Defendants failed to make, keep and preserve accurate and complete records regarding the work of Plaintiff Francisco Suarez-Galan, in violation of the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a).

65. The Defendants failed to provide Plaintiff Francisco Suarez-Galan with complete and accurate itemized written statements for each pay period containing the information required by the AWPA, because of the omission of data showing the amounts kicked back to Defendant Ruiz, as set out in paragraphs 36 and 40, in violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d).

66. By the actions and omissions described in Paragraph 63, the Defendants failed to pay Plaintiff Francisco Suarez-Galan his wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. §1822(a), and its attendant regulations, 29 C.F.R. §500.81.

- 22 -

67.     The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

68.     As a result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff Francisco Suarez-Galan has suffered damages.

## COUNT III
### (Migrant and Seasonal Agricultural Worker Protection Act)

### (2008-09 Citrus Harvest Season)

69.     Plaintiff Francisco Suarez-Galan realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

70.     This count sets forth claims for money damages by Plaintiff Francisco Suarez-Galan arising from the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act and its implementing regulations during the 2008-09 citrus harvest.

71.     The terms set out in the clearance order submitted in conjunction with the Defendants' temporary labor certification application for the 2008-09 harvest constituted a working arrangement between the Defendants and Plaintiff Francisco Suarez-Galan within the meaning of the AWPA, 29 U.S.C. §1822(c), and its implementing regulations, 29 C.F.R. §500.72.

72. The Defendants violated without justification their working arrangement with Plaintiff Francisco Suarez-Galan, thereby violating the AWPA, 29 U.S.C. §1822(c), and its

attendant regulations, 29 C.F.R. §500.81 by providing terms and conditions of employment that were materially different from those described in the 2008-09 clearance order. Plaintiff Francisco Suarez-Galan was not paid at least the applicable adverse effect wage for his labor, as set out in Paragraphs 36 and 37; and the Defendants failed to comply with the minimum wage provisions of the FLSA and the Florida Constitution, employment-related laws, as set out in paragraphs 36 and 38;

73. The Defendants failed to make, keep and preserve accurate and complete records regarding the work of Plaintiff Francisco Suarez-Galan, in violation of the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a).

74. The Defendants failed to provide Plaintiff Francisco Suarez-Galan with complete and accurate itemized written statements for each pay period containing the information required by the AWPA, because of the omission of data showing the amounts kicked back to Defendant Ruiz, as set out in paragraphs 36 and 40, in violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d).

75. By the actions and omissions described in Paragraph 72, the Defendants failed to pay Plaintiff Francisco Suarez-Galan his wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. §1822(a), and its attendant regulations, 29 C.F.R. §500.81.

76. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

77. As a result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff Francisco Suarez-Galan has suffered damages.

## COUNT IV

## (FAIR LABOR STANDARDS ACT)

78. Plaintiffs reallege and incorporated by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

79. This count sets forth a claim for declaratory relief and damages by the Plaintiffs for the Defendants' violations of the minimum wage provisions of the FLSA.

80. The Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Emanuel Camacho-Linares, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez,  Antonio Martinez, Procoro Martinez-Aguilar, Ramon Ruiz-Landeros, Palemon Sanchez-Huerta, Miguel Sanchez-Morales, Urbano Sanchez-Rodriguez, Francisco Suarez-Galan, Leopoldo Trejo-Carrillo, Israel Ugalde-Eguia, Roberto Vasquez-Escobar, Luis Vega-Camacho at least $5.85 for every compensable hour each workweek during the 2007-08 citrus harvest.

81.  The Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs Ernesto Aguilar-Bocanegra, Porfirio Aguilar-Fabian, Miguel Aguilar-Guerrero, Felipe Angeles-Gallardo, Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Reynaldo Camacho-Garcia, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, Daniel Ferro-Nieves, Jose Manuel Ferro-Nieves, Eduardo Flores-Aguilar, Gaudencio Garcia-Celestino, Esiquio Garcia-Martinez, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez,

- 25 -

Espiridion Gonzalez-Martinez, Pascual Guerrero-Fabian, Simon Guzman-Romero, Antonio

Martinez, Procoro Martinez-Aguilar, Francisco Mata-Cruz, Alfredo Mora-Martinez, Juaquin

Resendiz-Alvares, Jesus Rojas Maldonado, Jose Jesus Romero Rojas, Martin Ruiz-Olanderos,

Ramon Ruiz-Landeros, Reynaldo Sanchez-Ibarra, Palemon Sanchez-Huerta, Francisco Suarez-

Galan, Luis Vega-Camacho at least $6.55 for every compensable hour each workweek during the

2008-09 citrus harvest.

82. The Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C.

§206(a), by failing to pay Plaintiff Procoro Martinez-Aguilar at least $7.25 for every

compensable hour each workweek during the 2009-10 citrus harvest.

83. The violations of the FLSA as set out in Paragraphs 80-82 resulted in part from the

Defendants' failure to supplement the Plaintiffs' piece-rate earnings to a rate equal to or

exceeding the FLSA minimum wage as a result of the Defendants' practice of requiring the

Plaintiffs to kick back any sums above their-piece-rate earnings for the workweek as set out in

Paragraph 36.

84. The violations of the FLSA as set out in Paragraphs 80-82 resulted in part from the

Defendants' failure to reimburse the H-2A Worker Plaintiffs during their first week of

employment for facilities primarily benefitting the Defendants, including the Plaintiffs'

passports, lodging expenses in Monterrey, visa-related expenses, fees for issuance of Form I-94,

and the full costs of the Plaintiffs' travel from their homes to the area of the Defendants' jobsite.

85. The violations of the FLSA set forth in Paragraphs 80 and 81 were willful, within the

meaning of the Portal-to-Portal Act. The Defendants disregarded the very possibility that they

were violating the FLSA. The Defendants were aware of the FLSA's requirements but took no

- 26 -

affirmative action to comply with these requirements.

86. As a consequence of the Defendants' violations of the FLSA as set out in this count, each of the Plaintiffs is entitled to his unpaid minimum wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

## COUNT V

## (BREACH OF CONTRACT)

87. Plaintiffs reallege and incorporated by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

88. This count sets forth a claim by the H-2A Worker Plaintiffs and the other members of the class for damages arising from the Defendants' breaches of the employment contract, as embodied in the clearance orders filed on behalf of Ruiz Harvesting, Inc. and under which the Plaintiffs and the other class members were employed on the operations of Consolidated Citrus Limited Partnership during the 2007-08, 2008-09 and/or 2009-10 harvest seasons.

89. The terms and conditions of employment contained in the Ruiz Harvesting clearance orders constituted employment contracts between the Defendants and the H-2A workers, the terms of which were supplied by federal regulations at 20 C.F.R. §§653.501, 655.102 and 655.103.

90. The Defendants breached their employment contract with the H-2A Worker Plaintiffs and the other class members by providing terms and conditions of employment that were materially different from those described in the clearance order, including the following:

- 27 -

a.    The workers were not paid at least the applicable adverse effect wage rate for their

labor, as set out in Paragraphs 36 and 37;

b.    The Defendants did not reimburse the workers for costs they incurred for

transportation and subsistence between their respective homes and the jobsite,

both prior to and following the contract period of employment, as set out in

Paragraphs 30, 41 and 42;

c.    The Defendants did not provide subsistence payments to the workers during their

travel between their homes and the Defendants' jobsite, both prior to and

following the contract period for employment, as set out in Paragraphs 41 and 42.

d.    The Defendants failed to comply with the minimum wage provisions of the FLSA

and the Florida Constitution, employment-related laws, as set out in Paragraphs

36 and 38;

e.    The Defendants failed to maintain payroll records accurately reflecting the

workers' net earnings as a result of the omission of data relating to the kickbacks

by the workers to Defendant Ruiz, as set out in Paragraphs 36 and 39; and

f.    The wage statements furnished by the Defendants to the workers on payday did

not accurately reflect the workers' net earnings, because of the omission of data

showing the amounts kicked back to Defendant Ruiz, as set out in Paragraphs 36

and 40.

91.  The Defendants' breaches of their employment contract with the Plaintiffs and the

other  class members have caused these workers grave financial and other serious injuries.

- 28 -

## COUNT VI

## (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)

### (Class Claim)

92. Plaintiffs reallege and incorporated by reference the allegations set forth in paragraphs 1 through 91 of this Complaint.

93. This count sets forth a claim for declaratory relief and damages by the Plaintiffs and the other members of the class for the Defendants' violations of the minimum wage provisions of the Florida Constitution.

94. Throughout the period the Plaintiffs and the other class members were employed by the Defendants, they were not paid by the Defendants in compliance with the minimum wage provisions of the Florida Constitution, Article 10 §24. Among other things, the Plaintiffs and the other class members were required to kick back a portion of their minimum wages to Defendant Ruiz, as set out in Paragraph 36. In addition, the Defendants failed to reimburse the H-2A Worker Plaintiffs and the other members of the members of the class during their initial week of employment for pre-employment expenses incurred primarily for the Defendants' benefit, as set out in Paragraphs 30 and 41, resulting in the Plaintiffs and the other class members receiving less than the mandated state minimum wage for their labor.

95. As a result of the Defendants' violations of the minimum wage provisions of the Florida Constitution as described above, the Plaintiffs and the other members of the class are entitled to recover the amount of their respective unpaid minimum wages, and an equal amount as liquidated damages, pursuant to Art. 10 §24 (e) of the Florida Constitution.

- 29 -

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.    Declaring that the Defendants violated the AWPA and its attendant regulations with respect to its employment of Plaintiff Francisco Suarez-Galan during the 2006-07, 2007-08, and 2008-09 central Florida citrus harvest as set forth in Counts I, II, and III;

b.    Declaring that the Defendants violated the FLSA, as set forth in Count IV;

c.    Declaring that the Defendants violated breached its employment contracts with Plaintiffs Ernesto Aguilar-Bocanegra, Porfirio Aguilar-Fabian, Miguel Aguilar-Guerrero, Felipe Angeles-Gallardo, Rodolfo Caballero-Palacio, Porfirio Camacho-Garcia, Reynaldo Camacho-Garcia, Emanuel Camacho-Linares, Raymundo Cruz-Vicencio, Raul Ismael Estrada-Gabriel, Daniel Ferro-Nieves, Jose Manuel Ferro-Nieves, Eduardo Flores-Aguilar, Gaudencio Garcia-Celestino, Esiquio Garcia-Martinez, J. Carmen Gonzalez-Caballero, Juvenal Gonzalez-Juarez, Espiridion Gonzalez-Martinez, Pascual Guerrero-Fabian, Simon Guzman-Romero, Antonio Martinez, Procoro Martinez-Aguilar, Francisco Mata-Cruz, Alfredo Mora-Martinez, Juaquin Resendiz-Alvares, Jesus Rojas Maldonado, Jose Jesus Romero Rojas, Martin Ruiz-Olanderos, Ramon Ruiz-Landeros, Reynaldo Sanchez-Ibarra, Palemon Sanchez-Huerta, Miguel Sanchez-Morales, Urbano Sanchez-Rodriguez, Leopoldo Trejo-Carrillo, Israel Ugalde-Eguia, Roberto Vasquez-Escobar, and Luis Vega-Camacho and the other members of the class as set forth in Count V;

d.    Declaring that the Defendants violated the minimum wage provisions of the Florida Constitution, as set forth in Count VI.

- 30 -

e.      Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts V and VI;

f.      Granting judgment in favor of the H-2A Worker Plaintiffs and the other members of the class against the Defendants, jointly and severally, on the contract claims set forth in Count V and awarding each of these workers his actual and compensatory damages;

g.      Granting judgment in favor of Plaintiff Suarez-Galan and against the Defendants, jointly and severally, on the claims under the Migrant and Seasonal Agricultural Worker Protection Act set forth in Counts I, II and III, and awarding Plaintiff Suarez-Galan his actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in those counts;

h.      Granting judgment in favor  the Plaintiffs on their FLSA claims as set forth in Count IV, and awarding each of them the amount of his unpaid minimum wages and an equal amount as liquidated damages;

i.      Granting judgment in favor of the Plaintiffs and the other members of the class and against the Defendants, jointly and severally, on these Plaintiffs' claims under the minimum wage provisions of the Florida Constitution as set forth in Count VI and awarding each of the Plaintiffs the amount of his unpaid minimum wages, along with an equal amount as liquidated damages;

k.      Enjoining the Defendants from further failure to comply with the regulations governing the H-2A program;

l.      Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. §216 and §448.08, Fla. Stat.;

m.    Awarding the Plaintiffs the costs of this action; and

n.    Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Victoria Mesa*
Victoria Mesa
Florida Bar Number 076569
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida    33460-3819
Telephone:      (561) 582-3921
Facsimile:      (561) 582-4884
Email:          Victoria@Floridalegal.Org


*/s/ Gregory S. Schell*
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida  33460-3819
Telephone:      (561) 582-3921
Facsimile:      (561) 582-4884
e-mail:         greg@Floridalegal.Org


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th of March, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christine R. Sensenig of the Sensenig Law Firm, P.A., 2033 Main Street, Suite 406, Sarasota, Florida 34237, attorney for Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz, and to David J. Stefany of Allen, Norton & Blue, Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, counsel of record for Defendant Consolidated Citrus LLP.

*/s/ Victoria Mesa*
Victoria Mesa