UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

_____
                                          )
**GAUDENCIO CELESTINO-GARCIA,** *et al.*,   )
                                          )
      **Plaintiffs,**                       )   CIVIL ACTION
                                          )
vs.                                       )   No. 2:10-cv-00542-CEH-DNF
                                          )
**RUIZ HARVESTING, INC.,** *et al.*,        )
                                          )
      **Defendants.**                       )
_____)

**PLAINTIFFS' MOTION FOR RELIEF FROM
ORDER OF JUNE 13, 2011 (Docket Entry 42)**

      In accordance with Fed.R.Civ.P. 60(b)(6), the Plaintiff farmworkers move for relief from the Court's order of June 13, 2011, staying the depositions scheduled in Queretaro, Mexico for June 20-24, 2011. The Plaintiffs seek an order lifting this stay pending the filing of an expedited response from the Plaintiffs to Ruiz's motion (Docket Entry 41).

      In support of this motion, the Plaintiffs would state as follows:

      1. These depositions were noticed for these dates on May 13, 2011. The depositions had originally been scheduled for other dates, but were rescheduled at the request of Ruiz's counsel.

      2. On June 3, 2011, the undersigned advised Ruiz's counsel that the Plaintiffs would pay for all additional costs resulting from the scheduling of the depositions in Mexico, including the airfare and lodging for Ruiz's counsel. In several prior cases, courts have permitted depositions of Mexican guest workers to proceed based on such terms. For example, in *Luna v. Del Monte*

*Fresh Produce (Southeast), Inc.*, 2007 WL 1500269 at *2, 2007 U.S. Dist. LEXIS 36893 at *8 (N.D. Ga. May 18, 2007), the district court allowed the guest workers to testify abroad because of their inability to obtain visas to travel to the forum, but directed that plaintiffs pay for the differential in costs for opposing counsel to attend these depositions. *See also Lizarraga-Ruiz v. Georgia-Pacific Corp.*, Case No. 4:00cv37/RV/SMN (N.D. Fla., November 8, 2001) (copy attached).

      3. Despite these depositions having been noticed a month ago, Defendant Ruiz waited until almost the eve of the depositions before seeking "expedited" relief from the Court. Because of this delay, the Plaintiffs have already incurred substantial non-refundable costs related to these depositions, including:

    a.    Airfare for Plaintiffs' counsel;
    b.    Airfare for court reporter;
    c.    Airfare for federal court-certified Spanish language interpreter; and
    d.    Airfare for videographer.

These expenses total in excess of $4500.00.

      4. These depositions are being conducted in large part to support the Plaintiffs' motion for class certification, which is due by July 5, 2011. The Court's order prevents these depositions from being completed prior to this date and thereby will deprive the Plaintiffs of the opportunity to use this testimony in support of their motion.

      5. The depositions noticed for June 20-24 are not limited to the named Plaintiffs, as suggested in Defendant Ruiz's motion. The notice includes 28 non-party witnesses, who cannot be compelled to appear in the Middle District of Florida.

      6. In order to permit the Court to adjudicate the motion, the Plaintiffs will submit their

response to Defendant Ruiz's motion (Docket Entry 41) no later than 5:00 P.M. on Tuesday, June 14, 2011.

      7.  Defendant Ruiz will suffer no prejudice from these depositions proceeding in Mexico. His counsel's expenses to travel there will be paid by the Plaintiffs, along with associated lodging costs.

      8.  Defendant Ruiz's counsel has informed the undersigned that she wishes to participate in the depositions by telephone, and arrangements have been made for the same.  In fact, Defendant Ruiz's counsel chose to participate by telephone in the deposition of Plaintiff Emanuel Camacho-Linares on Friday, June 10, 2011, which was conducted in Fort Myers, within 100 miles of the office of Ruiz's counsel.

      Based on the foregoing, the Plaintiffs hereby request that the Court amend its order of June 13, 2011 so as to lift the stay of the depositions of June 20-24 pending the Plaintiffs' filing of their response to Defendant Ruiz's motion (Docket Entry 41) no later than 5:00 P.M. on June 14, 2011.

Respectfully submitted,

*/s/ Victoria Mesa*
Victoria Mesa
Florida Bar Number 076569
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
e-mail: victoria@floridalegal.org

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
e-mail: Greg@Floridalegal.Org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of June, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christine R. Sensenig of the Sensenig Law Firm, P.A., 2033 Main Street, Suite 406, Sarasota, Florida 34237, attorney for Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz, and to David J. Stefany of Allen, Norton & Blue, Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, counsel of record for Defendant Consolidated Citrus LLP.

*/s/ Gregory S. Schell*
Gregory S. Schell