UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

_____
                                          )
**GAUDENCIO CELESTINO-GARCIA,** *et al.,*   )
                                          )
        **Plaintiffs,**                     )          **CIVIL ACTION**
                                          )
**vs.**                                     )          **No. 2:10-cv-00542-CEH-DNF**
                                          )
**RUIZ HARVESTING, INC.,** *et al.,*        )
                                          )
        **Defendants.**                     )
_____)

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR *De Bene Esse* DEPOSITIONS OF CERTAIN PLAINTIFFS IN MEXICO

Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz (referred to collectively as "Ruiz")

have moved for a protective order with regard to 24 of the 38 depositions scheduled to be

conducted in Queretaro, Mexico from June 20 through June 24, 2011.   *See* Defendants' Motion

for Protective Order for *De Bene Esse* Depositions of Certain Plaintiffs in Mexico (Docket Entry

41) ("Ruiz's Mot.")   The Plaintiffs oppose this motion for the reasons set forth herein.[1]

### STATEMENT OF THE CASE

The Plaintiffs are Mexican nationals who traveled from their homes in central Mexico to

work for the Defendants during the 2006-07, 2007-08, 2008-09 and/or 2009-10 citrus harvest

---

[1]Ruiz's motion and the Court's subsequent order staying the depositions (Docket Entry 42) applies only to those individuals who are named Plaintiffs in this action.  The Plaintiffs remain free to proceed with the depositions of the non-party witnesses noticed.

seasons.  The Plaintiffs were admitted to the United States pursuant to the temporary agricultural

worker provisions of the Immigration and Nationality Act, commonly referred to as the H-2A

program, based on the sections of the Act authorizing the importation of such workers.  *See* 8

U.S.C. §1101(a)(15)(H)(ii)(A); *Figueroa-Cardona v. Sorrells Bros. Packing Co., Inc.*, 2007 WL

672303 at * 1 (M.D. Fla., Feb. 14, 2007) (foreign workers admitted through this system are

commonly referred to as "H-2A workers").[2]   The Plaintiffs allege that they were paid less than

the federal and Florida minimum wage for their work, because they were not fully reimbursed for

pre-employment expenses.  *See* Amended Complaint (Docket Entry 34) at 4, 13 ¶¶ 5, 28-30;

*Moreno-Espinosa v. J & J Ag Products, Inc*., 247 F.R.D. 686, 689 (S.D. Fla. 2007) ("under

Eleventh Circuit case law, workers must be reimbursed for pre-employment expenses in the first

week of employment.")   In addition, the Plaintiffs contend that they were not paid wages as

required by their contracts, because they were forced to kick back a portion of their earnings to

Ruiz or his lieutenants.  *See* Amended Complaint (Docket Entry 34) at 15, ¶¶ 35-37.  The H-2A

workers also complain that Ruiz did not or provide outbound transportation benefits as promised

in the work contracts.  *Id.*, at 16, ¶ 42.

The H-2A worker Plaintiffs seek relief on behalf of their fellow guest workers with regard

to their Florida minimum wage and contract claims.  *Id.,* at 16-17, 27-28 and 29 ¶¶ 43-44, 90 and

94.  The Plaintiffs' motion for class certification is presently due to be filed on or before July 5,

2011.  *See* Docket Entry 40.

_____

[2]The sole exception is Plaintiff Francisco Suarez-Galan, who is a lawful permanent
resident of the United States.

## THE QUERETARO DEPOSITIONS

As guest workers, all of the H-2A Plaintiffs maintain their permanent homes in Mexico. The Plaintiffs are indigent and generally lack funds to travel to the United States except in conjunction with H-2A employment in the United States; at the conclusion of this employment, they are required to return to Mexico. *See Arriaga v. Florida-Pacific Farms, LLC*, 305 F.3d 1228, 1244 (11th Cir. 2002). With only a few exceptions, the Plaintiffs have not been issued H-2A visas in recent harvests and have thereby been unable to return to the United States.[3]

Because of their poverty, the Plaintiffs are unlikely to be issued visas to travel to the United States for purposes of providing depositions or attending trial. Because of their indigency, *See* Amended Complaint for Damages (Docket Entry 34 at 17, ¶ 45), the Plaintiffs are unlikely to be granted tourist visas or other temporary permission to enter the United States for purposes of appearing at a deposition. *See Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2007 WL 1500269 at *2, 2007 U.S. Dist. LEXIS 36893 at *9 (N.D. Ga. May 18, 2007)("It is not only prohibitively expensive for these workers to travel to the United States, it is also potentially impossible due to their immigration status. Because plaintiffs are poor, it is unlikely that they will that they will be granted a tourist visa or other temporary permission to enter the United States.")[4]

---

[3]A handful of the name Plaintiffs have been able to secure H-2A visas for work with employers other than the Defendants. For example, Plaintiff Emanuel Camacho-Linares worked as an H-2A citrus picker during the 2010-11 Florida harvest and provided deposition testimony in Fort Myers on June 10, 2011, just before his return to Mexico.

[4]The Plaintiffs' only other option for legal entry into the United States is humanitarian parole. However, humanitarian parole is an extraordinary measure, sparingly used to bring an otherwise inadmissible alien into the United States for a temporary period of time due to a very compelling emergency. *See Luna.*, 2007 WL 1500269 at *2, 2007 U.S. Dist. LEXIS 36893 at

Given this situation, the Plaintiffs' attorneys contacted opposing counsel, including Ruiz's counsel, several months ago to arrange for depositions of those Plaintiffs residing in Mexico who had not returned to the United States recently on H-2A or other visas.  The notices of deposition were initially sent on May 12, 2011, setting the depositions for Queretaro, a major city in central Mexico with an international airport.  An amended notice was sent on May 13, reflecting the rescheduling of the depositions to the June 20-24 period at the request of Ruiz's counsel.

Based on these agreed-upon dates, the Plaintiffs arranged for the services of a court reporter, federal court-certified Spanish language interpreter and a videographer to attend the depositions and purchased non-refundable airfares for these individuals.  Non-refundable payments were made to a hotel to host the depositions.[5]

Ruiz's counsel was informed that the Plaintiffs would pay all of her differential costs associated with the Mexico depositions, including travel and lodging expenses.  Despite this offer, Ruiz's counsel advised the undersigned that she intended to participate in the depositions by telephone because of familial commitments.  Accordingly, the Plaintiffs have arrangements

---

*9 ("humanitarian visas, which are issued sparingly, are not generally granted for purposes of providing deposition testimony); 8 U.S.C. §1182(d)(5)(A) (humanitarian parole is available "on a cases by case basis for urgent humanitarian reasons or significant public benefit.")

[5]As stated, these expenses are non-refundable and, accordingly, the Plaintiffs respectfully request that the Court adjudicate Ruiz's motion expeditiously in order that if said motion is denied, the depositions might proceed as scheduled so that these non-refundable fees will not be forfeited.

for telephone service at the deposition site and agreed to pay all international charges involved.[6]

## ARGUMENT

### I.  Good cause exists for departure from
### the Court's general policy, as expressed in Local Rule 3.04(b).

Although Local Rule 3.04(b) provides "[f]or the guidance of counsel" involved in protective order disputes that "it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District," this rule is not absolute.  *See Fiore v. Goodyear Tire & Rubber Co.*, 2010 WL 4537750 at *1 (M.D. Fla., Nov. 3, 2010) (per Steele, J) (allowing opt-in plaintiff in a Fair Labor Standards Act to appear for deposition in appear for deposition at his home district in Texas).    The local rule is a presumption rather than an inflexible rule.  *See Clem v. Allied Van Lines International; Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984) (policy of requiring non-resident plaintiffs to appear in forum "absent compelling circumstances"); 8A C.A. Wright, A. Miller & R. Marcus, *Federal Practice & Procedure* §2112 (2d Ed. 2006) ("But this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending"); *Luna.*, 2007 WL 1500269 at *2, 2007 U.S. Dist. LEXIS 36893 at *8 ("Rule 26 authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if justice so requires.  Thus, if a plaintiff demonstrates hardship or burden that

---

[6]Although Ruiz notes that "[i]t is certainly preferable for counsel to attend depositions in person to make decisions related to candor and credibility, to observe facial expressions, to make eye contact, to watch body language in conjunction with testimony being provided," his counsel elected to appear by telephone for the deposition of Plaintiff and class representative Emanuel Camacho-Linares, conducted on June 10, 2011 in Fort Myers.

outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for

deposition in the forum 'may yield to the exigencies of the particular case.'") (citations omitted);

*Vanmoor v. University Service Corp., Inc.*, 2010 WL 2301795 at *2 (S.D. Fla., June 9, 2010) (if

a plaintiff demonstrates hardship or burden that outweighs prejudice to the defendant, the court

"may yield to the exigencies of the particular case.")

  Courts have generally allowed depositions to proceed outside the forum or by alternative

means if a party shows that such a procedure to be simpler or fairer, or if a deposition within the

forum would cause the plaintiff undue burden or hardship.  *See Rehau, Inc. v. Colortech, Inc.*,

145 F.R.D. 444, 446-47 (W.D. Mich. 1993) (ordering telephone depositions of plaintiff's

European witnesses to avoid expense and inconvenience of bringing witnesses to Michigan);

*DePetro v. Exxon, Inc.*, 118 F.R.D. 523, 525 (M.D. Ala. 1988) (ordering that defendant depose

plaintiff with limited financial resources in her California hometown, pay the travel expenses for

plaintiff to come to Alabama, or take the deposition by telephone or written questions); *Ginsberg

v. Railway Express Agency, Inc.*, 6 F.R.D. 371, 372 (S.D.N.Y. 1955) (ordering deposition of

plaintiff in her home state rather than the forum, where it was "simpler, as well as fairer" to do

so).

  Courts frequently grant protective orders based on a showing that parties residing abroad

would be subjected to considerably less burden and expense if their depositions were taken in

their home countries rather than the noticed forum.  *See Abdullah v. Sheridan Square Press*, 154

F.R.D. 591, 593 (S.D.N.Y. 1994) (ordering that plaintiff be deposed in the United Kingdom

rather than New York where foreign national plaintiff had no choice of forum but a United States

court and would have to abandon his petition for asylum in the United Kingdom in order to travel

to the United States); *Palma v. Safe Hurricane Shutters, Inc.*, 2009 WL 653305 at *4 (S.D. Fla.,

March 12, 2009) (undue expense for plaintiffs to travel to Miami for depositions after moving

out of the jurisdiction due to lack of employment opportunities there).

Particularly instructive is the *Luna* case, in which H-2A workers presented claims against

their Georgia employer very similar to those presented here.  The district court in *Luna*

concluded that because  immigration laws restricted the plaintiffs' entry into the forum, the

deposition should occur where the plaintiffs resided.  *Luna*,  2007 WL 1500269 at *2,  2007 U.S.

Dist. LEXIS 36893 at *9.  *Accord Gonzalez-Jimenez v. Gilliam*, Case No. 4:04-cv-00506 (E.D.

Ark., Jan. 28, 2005) (denying grower's motion to compel Mexican H-2A workers to travel to

Arkansas for depositions and ordering depositions to proceed in Mexico "or some other location

that does not create a hardship upon the Plaintiffs.")[7]

## II.  The Plaintiffs had no choice of forum and thus should not be viewed as having voluntarily agreed to appear in the District for depositions.

Ruiz argues that because the Plaintiffs chose to file suit in the Middle District of Florida,

they should be required to appear there for deposition.  *See* Ruiz's Memo., at 7.  However, the

Plaintiffs had no choice of the forum in which to file the present case.   Ruiz recruited the

Plaintiffs in their home villages in Mexico and employed them picking citrus fruit in this district

on the operations of Defendant Consolidated Citrus Limited Partnership.  Because they were

recruited in Mexico by Florida employers and performed all work in Florida, they brought suit in

the lone forum available to them, *i.e.*, Florida.

In instances where plaintiffs have no choice of jurisdiction, it is unfair and inappropriate

_____

[7]A copy of this unpublished order is attached.

to expect them to return to the forum to testify despite their inability to do so:

> Plaintiff apparently had no choice of forum.  There is no showing
> that he could have obtained jurisdiction over defendants elsewhere
> or pursued his remedy against them anywhere other than in this
> district where they resided and did business.  Unless he brought
> suit against them here he may well have been without remedy for
> the egregious wrongs which he claims were committed against
> him.

*Endte v. Hermes Export Corp.*, 20 F.R.D. 162, 164 (S.D.N.Y. 1957); *Connell . City of New York*,

230 F.Supp.2d 432, 437 (S.D.N.Y. 2002) (refusing to require indigent plaintiff to return to forum

for deposition because "plaintiff had no choice but to bring suit in the Southern District of New

York as his claims involve the New York City Police Department");  *Abdullah.*, 154 F.R.D. 591,

593 (S.D.N.Y. 1994) (ordering defendants to depose plaintiff in London, where plaintiff lived, as

opposed to New York, where the action was filed, noting that the principle requiring a non-

resident plaintiff to appear in the forum for deposition "loses some weight where the plaintiff has

no choice of forum but, as here, must bring his suit in one particular jurisdiction or none at all.")

Commentators have also observed that in cases where foreign plaintiffs must choose a distant

forum, it is inappropriate to require them to return to the forum for deposition:

> If plaintiff has sued in a court far distant from home because the
> transaction in question occurred in that district, and a suit
> elsewhere would probably have been transferred in any event, the
> usual rule requiring plaintiff to come to the forum for his or her
> deposition seems inappropriate.

8A C.A. Wright, A. Miller & R. Marcus, *Federal Practice & Procedure* §2112 (2d Ed. 2006).

After recruiting the Plaintiffs in Mexico and importing them to labor in the United States

to fill a labor shortage of local workers, Ruiz should not be heard to complain that the Plaintiffs

be allowed to testify where Ruiz recruited them.  Ruiz's actions here, seeking to force indigent

foreign laborers to return to the forum, is an attempt to condition Plaintiffs' access to this tribunal

on their immigration status.  The Supreme Court has explicitly warned trial courts against just the

sort of tactic being employed here by Ruiz:

> American courts, in supervising pretrial proceedings, should
> exercise special vigilance to protect foreign litigants from the
> danger that unnecessary, or unduly burdensome, discovery may
> place them in a disadvantageous position ... the additional cost of
> transportation of documents or witnesses to or from foreign
> locations may increase the danger that discovery may be sought for
> the improper purpose of motivating settlement, rather than finding
> relevant and probative evidence.  Objections to 'abusive' discovery
> that foreign litigants advance should therefore receive the most
> careful consideration.

*Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Distr. Of*

*Iowa*, 482 U.S. 522, 546 (1987).[8]


### III.  There is little prejudice to Ruiz if the depositions proceed in Mexico.

The Plaintiffs have agreed to pay any differential costs resulting from the depositions

proceeding in Mexico.   Should Ruiz's counsel choose to attend the depositions in person, the

Plaintiffs will pay her travel and lodging expenses, as well as any other additional costs

stemming from the depositions being conducted abroad.  If Ruiz's counsel chooses to appear by

telephone (as she has indicated she intends to do), the Plaintiffs have already arranged for a

speakerphone at the deposition site and will pay all international long distance charges for Ruiz's

---

[8]Ruiz also complains that the Plaintiffs' inability to attend depositions in Florida
potentially disqualifies them as class representatives.  *See* Ruiz Memo., at 7.  However, Plaintiff
Emanuel Camacho-Linares has already been deposed in the Middle District of Florida and has
thereby satisfied Ruiz's concerns in this regard.

counsel to participate.  Because of this, Ruiz will incur no additional defense costs as a result of

the depositions proceeding outside of the Middle District of Florida.

Other courts have approved arrangements of this sort in similar situations. For example,

in *Luna,* the district court allowed the guest workers to testify abroad because of their inability to

obtain visas to travel to the forum, but directed that plaintiffs pay for the differential in costs for

opposing counsel to attend these depositions.  2007 WL 1500269 at *2, 2007 U.S. Dist. LEXIS

36893 at *8.  In *Vanmoor*, the plaintiff was permitted to sit for deposition at a mutually

acceptable foreign location, provided that the plaintiff covered the defendant's reasonable travel

expenses.  2010 WL 2301795 at *2.   *See also Lizarraga-Ruiz v. Georgia-Pacific Corp.*, Case

No. 4:00cv37/RV/SMN  (N.D. Fla., November 8, 2001) (describing as "fair and reasonable under

the circumstances" an offer by plaintiffs to allow deposition of Mexican guest worker in Mexico

provided the plaintiffs pay defense counsel's travel and lodging expenses. (copy attached).


**IV.  Depositions of the Plaintiffs made be admitted under Fed.R.Civ.P. 32(a)(4)(B).**

Ruiz also suggests that the scheduled depositions of the Plaintiffs are improper because

"[t]here is no legal support in the Middle District or the Eleventh Circuit for a *de bene esse*

deposition."  *See* Ruiz's Memo., at 9-10.   This argument is without merit.

Ruiz argues that  *de bene esse* depositions may be used at trial only for witnesses, and not

for parties themselves.  Fed.R.Civ.P. 32(a)(4)(B) permits a party to use a deposition of a witness

if the court finds "that the witness is more than 100 miles from the place of hearing or trial or is

outside the United States..."  Rule 32(a)(4)(B) expressly allows for the deposition of an

unavailable witness to be used "whether or not a party."   The rule applies "without exception

-10-

equally to plaintiffs and defendants." *Frank S. Sinkwich, Inc. v. Texaco Refining & Marketing, Inc.*, 120 F.R.D. 540, 541 (M.D. Ga. 1988). *See also Richmond v. Brooks*, 227 F.2d 490, 493 (2d Cir. 1955); *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 562 (N.D. Ala. 2009). [9]

## CONCLUSION

Over a month ago, the Plaintiffs set the Queretaro depositions based on the scheduling demands of Ruiz's counsel.  After thousands in non-refundable expenses had been incurred based on the dates requested by her, Ruiz's counsel has sought expedited review of her eleventh hour motion.  The motion should be denied.  Ruiz has demonstrated no substantial prejudice from the depositions proceeding as scheduled because the Plaintiffs have promised to pay all differential costs, regardless of whether Ruiz's counsel appears in person or participates by telephone.

After recruiting the Plaintiffs in Mexico and importing them to labor in the United States to fill a labor shortage of local workers, Ruiz should not be heard to complain that the Plaintiffs be allowed to testify where Ruiz recruited them.  Ruiz's actions here, seeking to force indigent foreign laborers to return to the forum, is an attempt to condition Plaintiffs' access to this tribunal on their immigration status.  Ruiz's motion appears filed less out of concern for any additional costs or burdens resulting from these depositions proceeding abroad than in an effort to gain a

---

[9]Fed.R.Evid. 804(b)(1) states that deposition testimony is admissible if the declarant is unavailable.  The Plaintiffs are unavailable to attend the trial in this cause because of their lack of visas and the prohibitive costs involved.  *See,.e.g.*, *In re Thousand Trade Import Export Co. v. Southeast Bank*, 46 B.R. 684, 685 (Bkrtcy. S.D. Fla. 1985) (witness unavailable because he had returned to South America).

tactical advantage in this litigation.  Indeed, as the order from Southern District of Florida relied

on by Ruiz observes, the inability of H-2A workers to obtain visas to travel to the forum

"implicates their ability to participate in this litigation on the whole."   *See* Ruiz Memo., at 7.

Rigid application of Rule 3.04(b) in this case would leave the Plaintiffs and many other H-2A

workers without a remedy when they are mistreated or underpaid by their U.S. employers.  The

Supreme Court has explicitly warned trial courts against just the sort of tactic being employed:

> American courts, in supervising pretrial proceedings, should
> exercise special vigilance to protect foreign litigants from the
> danger that unnecessary, or unduly burdensome, discovery may
> place them in a disadvantageous position ... the additional cost of
> transportation of documents or witnesses to or from foreign
> locations may increase the danger that discovery may be sought for
> the improper purpose of motivating settlement, rather than finding
> relevant and probative evidence.  Objections to 'abusive' discovery
> that foreign litigants advance should therefore receive the most
> careful consideration.

*Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Distr. Of*

*Iowa*, 482 U.S. 522, 546 (1987).[10]

---

[10]Ruiz also complains that the Plaintiffs' inability to attend depositions in Florida potentially disqualifies them as class representatives.  *See* Ruiz Memo., at 7.  However, Plaintiff Emanuel Camacho-Linares has already been deposed in the Middle District of Florida and has thereby satisfied Ruiz's concerns in this regard.

Respectfully submitted,

*/s/ Victoria Mesa*
Victoria Mesa
Florida Bar Number 076569
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:    (561) 582-3921
Facsimile:    (561) 582-4884
e-mail:        victoria@floridalegal.org

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:    (561) 582-3921
Facsimile:    (561) 582-4884
e-mail:        Greg@Floridalegal.Org

*Attorneys for Plaintiffs*

---

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th of June, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christine R. Sensenig of the Sensenig Law Firm, P.A., 2033 Main Street, Suite 406, Sarasota, Florida 34237, attorney for Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz, and to David J. Stefany of Allen, Norton & Blue, Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, counsel of record for Defendant Consolidated Citrus LLP.

*/s/ Gregory S. Schell*
Gregory S. Schell