# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

GAUDENCIO GARCIA-CELESTINO,
RAYMUNDO CRUZ-VICENCIO,RAUL
ISMAEL ESTRADA-GABRIEL, DANIEL
FERRO-NIEVES, JOSE MANUEL
FERRO-NIEVES, FELIPE ANGELES
GALLARDO, SIMON GUZMAN-
ROMERO, FRANCISCO MATA-CRUZ,
individually and on behalf of all other
persons similarly situated,

                          **Plaintiffs,**

-vs-                                           Case No.  2:10-cv-542-FtM-36DNF

RUIZ HARVESTING, INC., BASILISO
RUIZ, CONSOLIDATED CITRUS
LIMITED PARTNERSHIP,

                          **Defendants.**

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXPEDITED PROTECTIVE ORDER FOR DE BENE ESSE DEPOSITIONS OF CERTAIN OF PLAINTIFFS IN MEXICO (Doc. No. 41)** |
| **FILED:** | **June 10, 2011** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

| MOTION: | MOTION FOR RELIEF FROM ORDER OF JUNE 13, 2011 (Doc. No. 43) |
|---|---|
| FILED: | June 13, 2011 |

**THEREON** it is **ORDERED** that the motion is **MOOT**.

The Defendants, Ruiz Harvesting, Inc., and Basiliso Ruiz are requesting that the Court cancel the depositions of certain Plaintiffs that are to occur in Mexico during the week of June 20, 2011. The Plaintiffs filed a Memorandum of Law in Opposition (Doc. 44) on June 14, 2011, and a Motion for Relief from Order of June 13, 2011 (Doc. 43) on June 13, 2011. A hearing was held on June 17, 2011. The Court will vacate its Order (Doc. 42) entered on June 13, 2011 which stayed these depositions. Therefore, the Motion for Relief from Order of June 13, 2011 (Doc. 43) is moot.

The Plaintiffs are attempting to take the depositions of twenty-four (24) named Plaintiffs, and one non-party witness in Mexico during the week of June 20, 2011. Counsel for the Plaintiffs argues that the Plaintiffs and non-party witness will be unable to obtain visas to enter the United States or return to Florida for trial, and counsel needs to preserve their testimony. The Plaintiffs assert that the depositions will not be cumulative as some of the Plaintiffs worked different harvest seasons, worked on different crews, and had different crew leaders. The Defendants argue that if the Plaintiffs prevail, the large costs of these depositions will be taxed to the Defendants, and there is no certainty that the Plaintiffs will not be able to enter the United States for trial.

Local Rule 3.04(b) gives guidance to counsel, and states that "it is the general policy of the Court that a non-residential plaintiff may reasonably be deposed at least once in this District during the discovery stages of the case." M.D. Fla. L.R. 3.04(b). However, the determination as to the location of a deposition is within the sound discretion of the Court and each case must be considered

on its own facts and circumstances.  *Fiore v. Goodyear Tire & Rubber Co.*, 2010 WL 4537750 *1 (M.D. Fla. Nov. 3, 2010) and *El-Ad Residences at Miramar Condominium Ass'n., Inc. v. Mt. Hawley Insurance Company*, 2010 WL 4924722 *2  (S.D. Fla. Dec. 3, 2010).

After considering the submissions of counsel and their argument, the Court finds that there is a probability that the Plaintiffs will not be able to obtain visas to enter the United States for trial in Florida and so in an abundance of caution (similar to the factors in Fed.R.Civ.P.27), the Court will allow the depositions to go forward so that testimony will be available for trial.  However, the Court also recognizes that it is a heavy burden on the Defendants to pay all of the costs of the depositions in Mexico should the Plaintiffs be the prevailing party.  Therefore, the Court will allow the depositions scheduled for the week of June 20, 2011 to go forward in Mexico.  However, should the Plaintiffs prevail in this action and seek to tax the costs of these depositions, then the burden will be on the Plaintiffs to show that these depositions and their associated expenses are appropriate.  The Court will determine whether the Plaintiffs have made a sufficient showing that the Plaintiffs were not able to enter the United States for their depositions and for trial, and will carefully scrutinize and review the use of the depositions, whether the depositions were cumulative,  as well as other relevant factors[1].

**IT IS FURTHER ORDERED:**

1) The Order (Doc. 42) entered on June 13, 2011 which stayed the depositions to occur in Mexico during the week of June 20, 2011 is hereby **VACATED**.

2) The depositions as noticed shall go forward in Mexico during the week of June 20, 2011.

---

[1]  The Court will also consider the factors found in *Santiago v. Roe & Sons, Inc.*, 2010 WL 2985695 (M.D. Fla. 2010).

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this ___17th___ day of June, 2011.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record