UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAUDENCIO GARCIA-CELESTINO, RAYMUNDO CRUZ-VICENCIO, RAUL ISMAEL ESTRADA-GABRIEL, DANIEL FERRO-NIEVES, JOSE MANUEL FERRO-NIEVES, FELIPE ANGELES GALLARDO, SIMON GUZMAN-ROMERO, FRANCISCO MATA-CRUZ, ERNESTO AGUILAR-BOCANEGRA, PORFIRIO AGUILAR-FABIAN, MIGUEL AGUILAR-GUERRERO, RODOLFO CABALLERO-PALACIO, PORFIRIO CAMACHO-GARCIA, REYNALDO CAMACHO-GARCIA, EMANUEL CAMACHO-LINARES, EDUARDO FLORES-AGUILAR, ESIQUIO GARCIA-MARTINEZ, J. CARMEN GONZALEZ-CABALLERO, JUVENAL GONZALEZ-JUAREZ, ESPIRIDION GONZALEZ-MARTINEZ, PASCUAL GUERRERO-FABIAN, ANTONIO MARTINEZ, PROCORO MARTINEZ-AGUILAR, ALFREDO MORA-MARTINEZ, ALVARES JUAQUIN RESENDIZ-ALVARES, JESUS ROJAS MALDONADO, JOSE JESUS ROMERO ROJAS, MARTIN RUIZ-OLANDEROS, RAMON RUIZ-LANDEROS, REYNALDO SANCHEZ-IBARRA, PALEMON SANCHEZ-HUERTA, MIGUEL SANCHEZ-MORALES, URBANO SANCHEZ-RODRIGUEZ, LEOPOLDO TREJO-CARRILLO, ISRAEL UGALDE-EGUIA, ROBERTO VASQUEZ-ESCOBAR and LUIS VEGA-CAMACHO, individually and on behalf of all other persons similarly situated

        Plaintiffs,

v.                                                                                            Case No:  2:10-cv-542-FtM-38DNF

CONSOLIDATED CITRUS LIMITED
PARTNERSHIP,

      Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Defendant, Consolidated Citrus Limited Partnership's Motion for Judgment as a Matter of Law (Doc. #172) filed on September 13, 2013. The Plaintiffs filed their Response in Opposition in the form of a Trial Brief (Doc. #173) on September 13, 2013. The Motion is now ripe for the Court's review.

## FACTS

The facts are based on Consolidated Citrus' Summary Judgment Motion and Undisputed Facts (Doc. #98) and Plaintiffs' Statement of Material Facts in Support of Motion for Summary Judgment against Defendant Consolidated Citrus Limited Partnership (Doc. #101-1).

Plaintiffs are migrant and seasonal agricultural laborers hired to pick citrus fruit for Defendant, Consolidated Citrus Limited Partnership ("Consolidated" or "Consolidated Citrus"), during the 2006-07, 2007-08, 2008-09, and 2009-10 harvest seasons. (Doc. #34, p. 1). Consolidated Citrus is one of the nation's largest citrus growers, which due to its large harvesting operation, hires farm labor contractors like Defendant Ruiz Harvesting

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

to furnish citrus pickers. Id. at 7-8; (Doc. #98, p. 7). Defendant Basiliso Ruiz ("Ruiz") is the owner and president of Ruiz Harvesting. (Doc. #34, p. 7).

During the 2006-07, 2007-08, 2008-09, and 2009-10 seasons, Ruiz Harvesting furnished two groups of migrant workers to Consolidated Citrus. The first group traveled from Mexico and was hired through the United States Department of Labor's ("DOL") H-2A agricultural guest worker program. Id. at 3; (Doc. #98, p. 14). Under the program, a category of "non-immigrant foreign workers" may be employed for temporary agricultural work within the United States. (Doc. #34, p. 3). As a pre-requisite to their employment, Ruiz Harvesting filed a temporary labor certification with the DOL, which verified that (1) there were insufficient domestic workers willing, able, and qualified to work at the time and place needed; and (2) the group's employment did not adversely affect the wages and working conditions of domestic workers. See 8 U.S.C. §§ 1184(c)(1), 1188(a)(1). The certification application submitted to the DOL included a job offer, commonly referred to as a "clearance order," which described the workers' job terms, most of which were determined by federal regulations governing the H-2A program relating to minimum benefits, wages, and working conditions. (Doc. #34 pp. 2, 11-12). These clearance orders functioned as the employment contracts between Ruiz Harvesting and the H-2A workers. Id.

The H-2A Plaintiffs incurred a variety of out-of-pocket expenses as they traveled from their homes to Consolidated's job site in Florida and from the job site to their homes once the work was completed. Id. at 13, 16. For example, Plaintiffs traveled at their own expense to Monterrey, Mexico to apply for their H-2A visas, purchased passports, and paid a variety of fees to be issued their visas. Id. The workers incurred additional costs

while waiting in Monterrey for their visa applications to be processed and while at the U.S.-Mexico border. Id. Ruiz Harvesting also employed non-H-2A guest workers from within the United States. Id. at 3; (Doc. #98, p. 10). As a matter of law, Ruiz Harvesting was obligated to provide the same terms and conditions of employment to both the H-2A and non H-2A workers. (Doc. #98, p. 10).

Plaintiff Francisco Suarez-Galan is a non-H-2A guest worker who was recruited and hired within the United States by Ruiz Harvesting to work on Consolidated's citrus operations during the 2006-07 and 2007-08 harvest seasons. (Doc. #101-1, p. 8). The remaining Plaintiffs were hired by Ruiz Harvesting to pick citrus fruit on the fields of Consolidated Citrus at various points during the 2006-07, 2007-08, 2008-09, and 2009-10 harvest seasons. (Doc. #34, pp. 10-11). Plaintiffs were compensated for their work on a "piece-rate" basis based on the number of tubs of fruit harvested. (Doc. #101-1, p. 12). In order to record the amount of compensable time worked by Plaintiffs, Ruiz Harvesting utilized an electronic timekeeping system owned and maintained by Consolidated Citrus. Id. at 13-14; (Doc. #98, pp. 16-17). The data collected were provided to Ruiz Harvesting for use in preparing the workers' weekly paychecks and for maintaining its payroll records. (Doc. #34, p. 14).

### *Plaintiffs' Wage and Hour Claims*

Plaintiffs' Amended Complaint alleges that on several occasions, the workers' piece-rate earnings totaled less than the amount due under the applicable adverse effect wage rates. (Doc. #34, p. 14). To address these deficiencies, the payroll software utilized by Ruiz Harvesting automatically added supplemental money to the workers' piece-rate earnings so as to boost the earnings to the then-applicable adverse effect wage rate. Id.

The supplemental money appeared on Plaintiffs' check stubs and direct deposit stubs and was labeled "Minimum Wage H2A." Id. at 14-15. At the beginning of each relevant harvest season, Basiliso Ruiz met with Plaintiffs and other workers and explained the piece-rate system used to compute their compensation. Id. at 15. Ruiz also explained to the workers that their weekly paychecks might contain income labeled "Minimum Wage H2A," and that any worker receiving this supplemental amount was required to return the money to Ruiz or his staff upon request. Id. Throughout the relevant harvest seasons, Plaintiffs received paychecks and/or direct deposits, which included the "Minimum Wage H-2A." On each payday, the workers returned the "Minimum Wage H2A" sums in cash to Ruiz or one of his lieutenants. Id.

Plaintiffs allege that as a result of these "kickback" practices, they did not receive the minimum wage due under the applicable adverse effect wage rates. Id. In addition, Plaintiffs contend that Defendants failed to fully reimburse Plaintiffs for out-of-pocket expenses incurred during their travel to and from Consolidated Citrus' farms. Id. at 16.

*Procedural Background*

Plaintiffs have filed suit under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-72., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and the minimum wage provisions of the Florida Constitution. Additionally, Plaintiffs allege that Defendants breached the terms of their employment contracts by: (1) requiring Plaintiffs to kick back their supplemental wages (Doc. #101, p. 22); (2) by automatically deducting an hour from each worker's recorded work time during the 2007-08 and 2008-09 harvests id. at 18; and (3) by failing to reimburse Plaintiffs for

5

their inbound and outbound transportation, subsistence, and other costs associated with obtaining their visas. Id. at 20.

The Amended Complaint includes six counts. In Counts I-III, Plaintiff Francisco Suarez Galan asserts a claim under the AWPA for violations of the Act's record keeping, wage statement, working arrangement, and wage payment provisions during the 2006-07, 2007-08, and 2008-09 harvest seasons, respectively. In Count IV, all Plaintiffs allege violations of the minimum wage provisions of the FLSA. In Count V, all named Plaintiffs, except Suarez-Galan, assert a class-wide claim alleging a breach of their employment contracts with Defendants, the terms of which were supplied by federal regulations at 20 C.F.R. §§ 653.501, 655.102, 655.103, and. In Count VI, all named Plaintiffs, except Suarez-Galan, assert a class-wide claim under Article 10, Section 24 of the Florida Constitution, which incorporates the minimum wage provisions of the Florida Minimum Wage Act ("FMWA"). See Art. 10, § 24(e).

On February 24, 2012, this Court certified a class of:

> All temporary foreign workers ("H-2A workers") who were employed pursuant to temporary labor certifications issued to Ruiz Harvesting, Inc. for working during the 2007-08, 2008-09 and/or 2009-10 Florida citrus harvests.

(Doc. #81, p. 3).

Plaintiffs allege class-wide claims only with respect to Counts V and VI. On January 6, 2012, this Court dismissed (Doc. #78) with prejudice the claims of Plaintiffs Urbano Sanchez-Rodriguez, Leopoldo Trejo-Carillo, Roberto Vasquez Escobar, and Israel Ugalde Eguia against Defendants pursuant to their Joint Motion for Approval of Settlement Agreement, filed on November 30, 2011 (Doc. #69). In addition, on October 4, 2012, this Court approved a settlement reached between Plaintiff Francisco Suarez

Galan and Defendants Ruiz Harvesting, Basiliso Ruiz, and Consolidated Citrus and dismissed Suarez Galan from the case. (Doc. #144). Finally, on May 13, 2013, the Court approved a settlement of all of Plaintiffs' claims against Defendants Ruiz Harvesting and Basiliso Ruiz. (Doc. #160).

On July 22, 2013, this Court issued a ruling on the Parties respective Motions for Summary Judgment granting in part and denying in part Consolidated Citrus' Motion and denying the Plaintiff's Motion. In its Order, the Court found genuine issues of material fact regarding whether or not Consolidated Citrus was a co-employer for the Class. Specifically by applying the eight (8) factors used to determine if a company was a co-employer established by the Florida Supreme Court in Aimable v. Long and Scott Farms, 20 F. 3d 434 (Fla. 1994) the Court found that two of the factors could not be determined on summary judgment: Consolidated Citrus' power to determine pay rates or methods of payment, and its relative investment in the equipment and facilities used in the harvesting operations. (Doc. #162, p. 25). The Court noted that the authority to determine pay rates and methods of payment is especially probative in this case because Plaintiffs' claims rely, in large part, on an alleged kickback scheme utilized by Ruiz Harvesting to deny minimum wage to the workers.

The Court held a hearing/ status conference on August 13, 2013, to discuss the upcoming trial and resolve any outstanding issues before the trial date. At that hearing, the Parties agreed that it would benefit the Court and all concerned if Parties would brief the issues in relation to the standard to be used—"suffers or permits to work" or the principles of agency—when making a determination regarding co-employment. The

Parties also were allowed to make arguments on the issues before the Court to allow the Court the opportunity to resolve the case as a matter of law on the record if possible.

Consolidated Citrus now moves the Court to consider whether or not it is a co-employer under the preponderance of the evidence standard.

## DISCUSSION

The Defendant, Consolidated Citrus moves the Court for entry of judgment as a matter of law.  Under the preponderance of the record evidence, Consolidated Citrus submits that it is not liable for the asserted FLSA claims of the individual Plaintiffs, because the evidence does not support the contention that Plaintiffs were as a matter of economic reality, dependent upon Consolidated Citrus as their putative joint employer. Consolidated Citrus further argues the record evidence analyzed under common law principles of agency demonstrates that it is not liable to the Class Members for Ruiz Harvesting's asserted for the asserted breaches of Ruiz's Harvesting's Job Clearance Orders for the 2007-2008, 2008-2009 and 2009-2010 citrus harvest seasons.

*(1) Whether Consolidated Citrus is a Co-Employer under the FLSA*

The Defendant moves the Court to consider that it was not a co-employer under the factors established in Layton v. DHL Express (USA) Inc., 686 F.3d 1172 (11th Cir. 2012),(*citing* Aimable v. Long & Scott Farms, 20 F.3d 434 (11th Cir. 1992), *cert. denied*, 513 U.S. 943, 115 S. Ct. 351, 130 L. Ed. 2d 306 (1994)).  Consolidated Citrus argues that agency and the common law rather than the broader "suffer or permit to work" standard used in FLSA analysis prior to the 2009-10 harvest season should be applied to all harvest seasons in determining whether or not it was the Plaintiff's co-employer under the FLSA.

After a review of the Party's Briefs, the Court determines that the "suffer of permit to work" standard of review will be applied to the 2006-07 and 2008-09 harvest seasons, and the principles of agency/common law standard will be applied to the 2009-10 harvest season.  The Department of Labor did not remove the "suffer or permit to work" language in the Federal Regulations until December 18, 2008. 73 Fed. Reg. § 77115 (December 18, 2008); 20 C.F.R. § 655.100(c)(2009).  Thus, the "suffer or permit to work standard must be used when reviewing the issue of co-employment under the FLSA for the 2007-08, and 2008-09 harvest seasons while the principles of agency will be applied to the 2009-10 harvest season.

In its Order on the respective Motions for Summary Judgment, the Court found that genuine issues of material fact remained regarding Consolidated Citrus' power to determine pay rates or methods of payment, and Consolidated Citrus' relative investment in the equipment and facilities used in the harvesting operations.  In its brief, Consolidated Citrus reargues the Aimable factors but using principles of agency for each harvest season at issue.  Based upon the preponderance of the evidence standard applied here, the Court still finds that the case must proceed to trial for the Parties to present evidence on the issues.  The Parties may present new evidence on all of the factors but should focus primarily on the pay and control issues still left to be determined.

(2) Whether Consolidated is Responsible for Ruiz's Breach of Job Clearance Orders

Consolidate Citrus argues the Court should apply the factors found in Nationwide Mutual Insurance Company v.  Darden, 503 U.S. 318. 112 S. Ct. 1344, 117 L. Ed. 2d 581 (1992), to establish that it is not a co-employer under the H-2A program and therefore not

9

responsible for the breach of Ruiz's Job Clearance Orders.  In Darden the Supreme Court set forth a non-exhaustive list of factors for a court to analyze when making a determination with regard to whether or not an employment relation exists under statutes that do not offer a meaningful definition of the terms employee and employer.  Under Darden, the Supreme Court found that the standard of review for determining whether or not an individual was an employer was found in the common law principles of agency.

Specifically, the Supreme Court stated:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Darden, 503 U.S. at 323-324(citing Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751–752, 109 S. Ct. 2166 104 L. Ed. 2d 811 (1989)); Cf. Restatement (Second) of Agency § 220(2) (1958) (listing non-exhaustive criteria for identifying master-servant relationship); Rev.Rul. 87-41, 1987–1 Cum.Bull. 296, 298-299 (setting forth 20 factors as guides in determining whether an individual qualifies as a common-law "employee" in various tax law contexts). Since the common-law test contains "no shorthand formula or magic phrase that can be applied to find the answer, ... all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." Darden, 503 U.S. at 323-324 (citing NLRB v. United Ins. Co. of America, 90 U.S. 254, 258, 88 S. Ct. 988, 19 L. Ed. 2d 1083 (1968)).  Consolidated Citrus argues that co-employment

determination involving the breach of contracts issue under the H-2A program for each harvest season should be determined under the agency standard found in Darden.

Consolidated Citrus states that a review of the Darden factors shows that Ruiz Harvesting exclusively determined how many workers to employ, whom it should hire, how many harvesting obligations to take on each season how best to recruit productive potential workers and train its citrus harvesters, how to pay them and how best to manage their productivity in the groves once they commenced work.  Thus Consolidated argues that the case should be dismissed since Ruiz would be sole employer under the factors and standard found in Darden.

The Court recognized the change in the Federal Regulations with regards to the "suffer or permit to work" language in its Order (Doc. #162) denying in part and granting in part Consolidated Citrus' Motion for Summary Judgment.  In the Order, the Court noted that the H-2A Regulations were modified after December 18, 2008, and the term employer was revised to read:

> Employer means a person, firm, corporation or other associate or organization that (1) has a place of business . . . in the U.S. . . . ; (2) Has an employer relationship with respect to H-2A employees or related U.S. workers under this subpart . . . .

20 C.F.R. § 655.100(c)(2009). The regulations also added the term "employee":

> Employee means employee as defined under the general common law of agency. Some of the factors relevant to the determination of employee status include: the hiring party's right to control the manner and means by which the work is accomplished; the skill required to perform the work; the source of the instrumentalities and tools for accomplishing the work; the location of the work; the hiring party's discretion over when and how long to work; and whether the work is part of the regular business of the hiring party. Other applicable factors may be considered and no one factor is dispositive.

Id. The Court then concluded that the 2009 Regulations omitted the "suffers or permits to work" language from the definition of employer and specified that the term employee was defined under the general common law of agency for the harvest seasons that came after the language was removed from the Regulations. Therefore, the Court will use the "suffer or permit to work" standard for the 2007-08 and 2008-09 harvest seasons and the agency standard for the 2009-10 harvest season when reviewing the issue of co-employment in regards to the contract clearance order issue.[2]

Based upon the information in the Briefs, the Court believes that evidence should be produced at trial to support the Parties' respective positions on the remaining issues.

Thus after a review of both Parties Final Pretrial Briefs and Consolidated Citrus' Motion for Judgment as a matter of Law, the Court does not find the Briefs provide sufficient new evidence to make a determination as a matter of law as to whether or not Consolidated Citrus was the Plaintiffs' co-employer. The Motion for Judgment on the Law is denied. The case will continue to trial as scheduled.

Accordingly, it is now

**ORDERED:**

The Defendant, Consolidated Citrus Limited Partnership's Motion for Judgment as a Matter of Law (Doc. #172) is **DENIED**.

(1) The Parties shall file any Motions *In Limine* on or before **January 18, 2014;**

(2) The final pretrial conference shall proceed as scheduled on **January 23, 2014, at 1:30pm** in Fort Myers, Florida Courtroom 5D before the undersigned.

---

[2] During the August 2012 hearing the Plaintiffs' Counsel Victoria Mesa conceded that the principles of agency standard would have to be used for the 2009-10 season due the lack of any evidence supporting when the 2009-10 Clearance Order was signed.

12

(3) The case will proceed to trial during the February 2014 trial term as scheduled.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of January, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record