UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| GAUDENCIO GARCIA-CELESTINO, *et al.,* individually and on behalf of all other persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:10 C 542 – MEA – DNF Hon. Marvin E. Aspen |
| v. | ) ) | |
| CONSOLIDATED CITRUS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiffs represent a certified class of temporary H-2A Mexican guestworkers who picked citrus fruit on groves owned by Defendant Consolidated Citrus Limited Partnership ("CCLP") during either the 2007–08 or 2008–09 harvest seasons. Former Defendant Ruiz Harvesting is a farm labor contractor, which hired and furnished Plaintiffs to pick fruit for CCLP. Plaintiffs allege that Ruiz Harvesting and CCLP were their joint employers and, thus, that both are liable for the alleged breaches of contract and minimum wage violations. A bench trial addressing CCLP's liability as an alleged joint employer during these two harvest seasons is scheduled to begin on February 12, 2014.[1]

Presently before is CCLP's motion in limine. (Dkt. No. 185.) In its motion, CCLP contends that Plaintiffs failed to timely provide supplemental disclosures, or amend their complaint, to articulate a particular damages theory. Specifically, CCLP claims that Plaintiffs

---

[1] CCLP is the only remaining defendant in this action. In addition, in the parties' Amended Joint Pretrial Statement, filed on January 28, 2014, Plaintiffs withdrew their claims relating to the 2009–10 harvest season. (Am. JPS (Dkt. No. 189) at 2 n.2.)

neglected to inform CCLP during discovery that Plaintiffs are seeking damages for CCLP's alleged deduction of wages—representing one hour per workday for each guestworker—based on the workers' travel within the groves to their particular worksites, referred to as the "gate deduction."[2] CCLP emphasizes that Plaintiffs did not file a supplemental disclosure that included their claims based on the gate deduction until March 26, 2012, only six days before the close of discovery. (*See* Mot. ¶ 9.) CCLP complains that it had no opportunity to re-depose Plaintiffs, or conduct other discovery, as to this damages question. In light of Plaintiffs' untimely disclosure, CCLP asks that we preclude Plaintiffs from introducing any evidence at trial about the gate deduction claims, pursuant to Federal Rule of Civil Procedure 37(c).

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)); *see Hodgetts v. City of Venice, Fla.*, No. 11 C 144, 2011 WL 2183709, at *1 (M.D. Fla. June 6, 2011). Motions in limine serve to "give the trial judge advance notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 07 C 16, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011); *Hodgetts*, 2011 WL 2183709, at *1. These motions also enable the presiding judge to narrow the issues remaining for trial and minimize disruptions during the parties' evidentiary presentations. *See U.S. v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Mee Indus. v. Dow Chem Co.*, No. 05 C 1520, 2008 WL 874836,

---

[2] Plaintiffs argue that this intra-grove travel time is compensable because CCLP required the guestworkers, during that travel time, to undertake decontamination procedures to protect the groves from the spread of citrus canker. (*See* Pls.' MSJ (Dkt. No. 101) at 18–20.)

at *1 (M.D. Fla. Mar. 27, 2008). Because a ruling on a motion in limine is "subject to change as the case unfolds," such rulings constitute preliminary determinations in preparation for trial. *Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *U.S. v. Hall*, 312 F.3d 1250, 1256 (11th Cir. 2002). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, where "the ruling is manifestly erroneous." *U.S. v. Dorvilus*, 357 F. App'x 239, 246 (11th Cir. 2009) (quoting *U.S. v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004)).

CCLP's motion in limine calls for a sanction under Rule 37(c), in light of Plaintiffs' alleged failure to disclose their gate deduction damages theory. Accordingly, we bear in mind the appropriate standard under Rule 37(c), which precludes a party that failed to provide or supplement information under Rule 26 from using that information, "unless the failure [to disclose] was substantially justified or is harmless." Rule 37(c)(1).

**ANALYSIS**

Rule 26 required Plaintiffs to provide CCLP with "a computation of each category of damages claimed" and to supplement that damages disclosure with any updated information as the litigation progressed. Fed. R. Civ. P. 26(a)(1)(iii), (e). We thus review Plaintiffs' efforts to comply with these requirements.

According to the parties' briefs and the record before us, Plaintiffs submitted initial Rule 26 disclosures on March 31, 2011. On June 10, 2011, Plaintiffs deposed a CCLP human resources representative, Michael Bartos, who informed Plaintiffs about the one hour gate deduction automatically taken by CCLP's payroll software. (Opp'n (Dkt. No. 490) at 2–3; *see* Bartos Dep. (Dkt. No. 55-5) at 17–31.) Plaintiffs' depositions in Mexico took place during the week of June 20, 2011. (Mot. ¶ 6.) Although Plaintiff provided CCLP with amended disclosures on July 7, 2011, they did not include a damages computation for the gate deduction

3

claims. On July 19, 2011, Plaintiffs first raised the gate deduction claims in their Motion for Declaration of Class Action.[3] (Dkt. No. 55.)

Shortly thereafter, Judge Honeywell stayed the proceedings for several months for the parties to participate in settlement negotiations. (Dkt. No. 60.) During the course of negotiations, Plaintiffs provided CCLP with charts and damage estimates that expressly included amounts for the gate deductions with respect to the 38 named Plaintiffs. (Opp'n at 3–4.) The parties' negotiations failed, the stay was lifted on November 15, 2011, and discovery recommenced. (Dkt. No. 63.) In early 2012 through March 1, 2012, CCLP provided Plaintiffs with additional time records. Based on the additional data, Plaintiffs revised their damages computations and formally supplemented their Rule 26(a) disclosures on March 26, 2012. (Opp'n at 4, 6 & n.1.) During the summer of 2013, Plaintiffs asserted the gate deduction claims in their motion for summary judgment, which CCLP opposed for reasons similar to those raised now. (*See* Pls.' MSJ (Dkt. No. 101) at 18–20; CCLP's MSJ Opp'n (Dkt. No. 117) at 7–10.)

Based on the above chronology, we conclude that the requested sanction is not warranted. Even if Plaintiffs' formal supplementation of their damages claims at the tail end of the discovery period violated the letter or spirit of Rule 26—a question we need not resolve—Plaintiffs' delay was substantially justified. *See, e.g.*, *Smith v. Jacobs Eng'g Group, Inc.*, No. 06 C 496, 2008 WL 4264718, at *5–6 (N.D. Fla. Mar. 20, 2008) (reviewing the factors that courts consider when evaluating substantial justification or harmlessness of a failure to disclose under Rule 37(c)); *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.*, No. 02 C 58, 2004 WL 3770572, at *2 (M.D. Fla. Aug. 16, 2004). As Plaintiffs stated in their opposition, they could not provide complete, amended damages estimates covering all class members until they received

---

[3] Judge Moody granted the motion for class certification on February 24, 2012. (Dkt. No. 81.)

the additional timekeeping records from CCLP in early 2012. (Opp'n at 6 n.1.) Moreover, Plaintiffs unveiled this theory in July 2011 after Mr. Bartos' deposition and informally provided their damages estimates, including the gate deduction claims, during settlement discussions in October 2011. The procedural history of this case does not indicate any bad faith on Plaintiffs' part. Nor do the circumstances pose any risk of surprise to CCLP, or of disruption to the bench trial. *See Smith*, 2008 WL 4264718, at *6. In sum, we see no reason to preclude Plaintiffs from pursuing the gate deduction claims, which constitute an important element of their case.

Nonetheless, we recognize that CCLP's ability to take discovery on the gate deduction claims may have been hampered in light of the 2011 stay and Plaintiffs' formal supplementation near the end of the discovery period. We prefer for Plaintiffs' claims and CCLP's defenses to be decided fully and fairly, on their merits, at trial. Accordingly, we hereby bifurcate the bench trial with respect to the gate deduction damages claims only. If necessary, and depending on the liability determination, we will reopen discovery to allow the parties to complete their investigation into the gate deduction damages. We will allow additional briefing at the close of that discovery period and, if necessary, will hold a supplemental evidentiary hearing as to these damages.

The bench trial remains scheduled to commence on February 12, 2014 and will cover liability, as well as all other categories of damages.

**CONCLUSION**

For the reasons set forth above, CCLP's motion in limine is denied. The upcoming bench trial will be bifurcated, as described, such that evidence concerning the gate deduction damages will be heard at a later date if needed.

SO ORDERED:

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
February 4, 2014