UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | |
|---|---|
| GAUDENCIO GARCIA-CELESTINO, *et al.*, individually and on behalf of all other persons similarly situated, | ) ) ) ) |
| **Plaintiffs,** | ) Civil Action ) |
| v. | ) 2:10-C-542-MEA-MRM ) Hon. Marvin E. Aspen |
| CONSOLIDATED CITRUS LIMITED PARTNERSHIP, | ) ) ) |
| **Defendant.** | ) |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING
ENTITLEMENT TO AWARD OF ATTORNEY'S FEES
PURSUANT TO § 448.08, FLA. STAT.**

The Plaintiffs seek an award of $191,852.75 of attorney's fees in this action. Of this amount, $188,960.15 is for the Farmworkers' successful prosecution of their claims for damages resulting from Defendant Consolidated Citrus Limited Partnership's (CCLP) breach of its contractual obligation to pay the Farmworkers the adverse effect wage rate.[1]

As the Court found, the Farmworkers were required to kickback a portion of their earnings by farm labor contractor Basiliso Riuz and his foremen. *See* Memorandum Opinion, Docket Entry 222, at 22-23. These kickbacks persisted, despite CCLP's efforts to curb the practice, both through requiring Ruiz to pay the Farmworkers through direct bank deposit, and

---

[1] The parties will shortly file a stipulation confirming their agreement as to amount of fees and the portion attributable to the Farmworkers' FLSA and common law contract claims. *Sobinski v. Learning Connections of Pensacola, LLC*, No. 3:14cv345, 2014 WL 5092268 at *4 (Oct 9, 2014) (courts have recognized that, as in this case, attorneys' fees may be simultaneously awarded under both the FLSA and §448.08).

CCLP's insistence that Ruiz include with the Farmworkers' wages a written statement informing them that they were not required to kickback their wages to any other person. *See* Docket Entry 55-5 (Deposition of Mike Bartos), at 52-55.

The parties agree that the sole basis for award of attorney's fees relating to these claims in §448.08, Fla. Stat. That statute provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

As used in §448.08, the term "unpaid wages" has been broadly construed. As this court observed, it includes all compensation paid by an employer for the performance of service by an employee. *See Healy v. RHS Companies, Inc.*, No. 6:06-cv-901. 2006 WL 3544741 at *3 (M.D. Fla. Dec. 8, 2006). The Eleventh Circuit has recognized that moneys owed from a straight employment contract "would clearly be wages" under the statute. *Davis v. National Medical Enterprises, Inc.*, 253 F3d 1314, 1322 (11th Cir 2001). *See also James W. Gardner Corporation v. Twomey*, 496 So2d 946 (Fla 2d DCA 1986) (unpaid compensation under a contract comes within the attorney's fee provisions of §448.08); *Coleman v. City of Hialeah*, 525 So2d 435, 436 (Fla 3d DCA 1988) ("Florida courts have held that the prevailing party in an action to recover unpaid period salary…allegedly due under a contract of employment for services rendered is entitled to an award of attorney's fee under [§448.08])"; *Seamands v. Sears Holding Corp.*, No. 09-2054 (D. Kan. March 11, 2011), 2011 WL 884391, at *4 (D. Kan. March 11, 2011) (breach of contract claims are a "permissible basis for the recovery of fees under §448.08); *Coffie v. District Board of Trustees, Miami-Dade Community College*, 739 So2d 148, 149 (Fla 3d DCA 1999) ("Surely, a successful breach of contract claim which resulted in the award of 'back pay' to [the plaintiff] was an action for 'unpaid wages' so as to come within the statute for attorney's fees.") This Court has previously awarded attorney's fees under §448.08 in prior contract

actions brought by H-2A agricultural guestworkers. *See Avila Gonzalez v. Barajas*, No. 2:04-cv-567, 2006 WL 1096244 (Apr. 24, 2006).

The award of attorney's fees under §448.08 is discretionary, rather than mandatory. *Ruffa v. Saftpay, Inc.*, 163 So.3d 711, 713-14 (Fla. 3d DCA 2015) ("section 448.08 'authorizes but does not require, an award of attorney's fees for the prevailing party in an action unpaid wages"); *Embler v. Walker Electric Systems of Florida, Inc.,* No. 2:05-cv-256, 2008 WL 2338102 at *2 (M.D. Fla. June 3, 2008) (award of fees under §448.08 "is discretionary, not mandatory.") Nonetheless, there is a paucity of reported decisions denying attorney's fees to employees who prevail in actions to recover contractual wages due them for services rendered. Indeed, at least one Florida appellate court has stated that under Florida law, the prevailing party in an action to recover unpaid wages is "entitled to an award of attorney's fees under [Section 448.08]." *Coleman*, 525 So.2d at 436; *see also Ultimate Makeover Salon & Spa, Inc. v. DiFrancesco*, 41 So.3d 335, 337 (Fla 4th DCA 2010) ("section 448.08 has typically been used to award attorney's fees to prevailing unpaid workers").

The courts' strong preference for awarding attorney's fees to prevailing employees is consistent with the legislative purposes behind §448.08. The statute was enacted in part to allow workers to obtain the assistance of counsel in recovering unpaid wages. In many cases, these costs and fees can be considerable, even if the underlying wage claim is relatively small. *Edwards v. Niles Sales & Service, Inc.*, 439 F.Supp.2d 1202, 1212 (S.D. Fla. 2006). As one Florida appellate court observed:

> Additionally, we note there are certain legislative policy considerations embodied within section 448.08. In actions for unpaid wages, the legislature has specifically provided a means to equalize the disparate positions of employees in attempting to collect for the fruits of their labors. As in personal injury lawsuits, plaintiffs in actions for unpaid wages often do not have the

> financial means to obtain counsel on an hourly basis. If plaintiff's counsel were only limited to a contingent recovery rather than a reasonable court-awarded fee under section 448.08, attorneys would be discouraged from assuming stewardship of cases to recover unpaid wages unless substantial amounts of money were involved. Therefore. Section 448.08 acts as a method by which to equalize otherwise financial abilities of employees to retain counsel. By enacting section 448.08, the legislature obviously intended to avoid the inequities which would result if an employee were required to pay one's own attorney's fees in action for unpaid wages.

*Tampa Bay Publications, Inc. v. Watkins*, 549 So2d 745, 747 (Fla 2d DCA 1989). These concerns are especially important when the unpaid employees are indigents, as is the case here. *See Santa Fe Healthcare, Inc.*, 642 So.2d 765 (Fla. 1st DCA 1994) ("At least one apparent purpose of section 448.08, Florida Statutes, is to encourage attorneys to represent indigent persons in disputes for unpaid wages); *Mediplex Construction of Florida, Inc. v. Schaub*, 856 So2d 13, 14 (Fla 4th DCA 2003) (same); *Doyal v. School Board of Liberty County*, 415 So.2d 791, 793 (Fla. 1st DCA 1982) ("In enacting Section 448.08, the Legislature intended to avoid the inequity which would result if an employee were required to pay her own attorney's fees in actions for unpaid wages.") Indeed, "[a] trial court may very well abuse its discretion by denying attorney's fees to a plaintiff that clearly prevailed in a case where a denial of fees would frustrate this legislative purpose." *Ruffa,* 163 So.3d at 714-15; *Doyal*, 415 So.2d at 793 (trial court abused its discretion when it denied a teacher reasonable attorney's fee after she successfully recovered unpaid salary and benefits).

The Plaintiffs, indigent farmworkers from Mexico, undertook a five-year successful struggle to recover nearly $200,000 in back wages. Absent the availability of attorney's fees, it would be extraordinarily difficult for these individuals to obtain legal assistance with regard to

these claims.  To deny the Farmworkers attorney's fees in this difficult case would undoubtedly discourage attorneys from undertaking such challenging litigation in the future.[2]

## **CONCLUSION**

Based on the foregoing authority, the Court should grant the Plaintiff Farmworkers attorney's fees under §448.08 with respect to their breach of contract claims.

---

[2] This is equally true in this case, despite the fact that the Farmworkers have been represented by a public interest law firm funded through the nonprofit Florida Bar Foundation.  As the Florida Supreme Court recently observed, historic low interest rates have caused revenue from the Interest on Lawyers' Trust Accounts program, the Bar Foundation's principal funding source, to fall dramatically, resulting in widespread staff layoffs.  *See in re Amendments to Rule Regulating the Florida Bar 1-7.3*, 175 So.3d 250, 251-52 (Fla. 2015).  The ability of attorney's fee awards helps fund the continued work of Florida Legal Services and other public interest groups to provide legal representation to indigents in Florida, including migrant farmworkers.

Dated: April 6, 2016                                         Respectfully submitted,


                                                             ***/s/ Gregory S. Schell***
                                                             Gregory S. Schell
                                                             Florida Bar Number 287199
                                                             Migrant Farmworker Justice Project
                                                             Post Office Box 32159
                                                             Palm Beach Gardens, Florida  33420
                                                             Telephone: (561) 582-3921
                                                             Facsimile: (561) 328-3814
                                                             e-mail: Greg@Floridalegal.Org



                                                             **/s/ *Victoria Mesa***
                                                             Victoria Mesa
                                                             Florida Bar Number 076569
                                                             Mesa-Estrada Lawp, P.A.
                                                             Compson Financial Center, Suite 205
                                                             1880 North Congress Avenue
                                                             Boynton Beach, Florida  33426
                                                             Telephone:  (561) 880-8062
                                                             Facsimile:  (561) 828-8359
                                                             e-mail: Victoria@mesacoelaw.com


                                                             *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to David J. Stefany and Shaina Thorpe of Allen, Norton & Blue, Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, counsel of record for Defendant Consolidated Citrus LLP.

*/s/ Gregory S. Schell*
Gregory S. Schell

Broad standard on "wages":

*Healy v. RHS Companies, Inc.*, No. 6:06-cv-901, 2006 WL 3544741 (MD Fla, Dec 8, 2006)

At *3

An action for unpaid wages is a prerequisite to recovery of attorney's fees under chapter **448**.**08**. *Dade County v. Pena,* 664 So.2d 959, 960 (Fla.1995). RHS concedes that Florida law broadly construes wages within the meaning of chapter **448**.**08** to include all compensation paid by an employer for the performance of service by an employee. Doc. No. 15 at 7; *see also Elder v. Islam,* 869 So.2d 600, 601 (Fla. 5th Dist.Ct.App.2004).