UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAUDENCIO GARCIA-CELESTINO, *et al.,* individually and on behalf of all other persons similarly situated,

        Plaintiffs,

v.

CONSOLIDATED CITRUS LIMITED PARTNERSHIP,

        Defendant.

Case No. 2:10-cv-00542-MEA-MRM

**JOINT STIPULATION AS TO AMOUNT OF
PLAINTIFFS' ATTORNEYS' FEES AND COSTS**

COME NOW, GAUDENCIO GARCIA-CELESTINO, *et al.* ("Plaintiffs") and CONSOLIDATED CITRUS LIMITED PARTNERSHIP ("CCLP" or "Defendant"), by and through their respective undersigned counsel and hereby file this joint Stipulation as to Amount of Plaintiffs' Attorneys' Fees and Costs. In support of this Stipulation, counsel for the parties state:

1. On January 25, 2016, this Court entered a Judgment Order in favor of Plaintiffs (Dkt. No. 249)("Order"). In its Order, the Court reserved jurisdiction over the issue of Plaintiffs' entitlement to a possible award of attorney's fees. However, the parties previously stipulated that the filing of Plaintiffs' motion for fees and costs would be deferred until after resolution of the expected appeal on the issue of CCLP's status as a joint employer (Dkt. No. 238).

2. On February 9, 2016, Plaintiffs filed their Bill of Costs (Dkt. No. 250), seeking a total of taxable costs in the aount of $32,535.23.

384548_1.docx

3. On February 24, 2016, CCLP filed its Notice of Appeal regarding the Court's joint employment determination. CCLP's appeal remains pending.

4. To simplify the remaining issues regarding Plaintiffs' Request for Attorney's Fees, the parties submit the following stipualtion as to the amout of attorneys' fees for the trial proceedings in this litigation.

    a. <u>Fees attributable to the FLSA claims of certain named Plaintiffs</u>:

    Based upon the Court's Order, the parties stipulate that the amount of fees attributable to the FLSA claims of the individual Plaintiffs for the 2008-2009 citrus harvest season is $2,892.60. The individual Plaintiffs who are entitled to the recovery of a part of the monetary damages totaling $2,722.20 for violation of the FLSA are identified by name in Dkt. No. 233-3 under the heading "Fair Labor Standard Act Owed First Work Week."

    b. <u>Potential Fees Attributable to the Breach of Contract claims of the named Plaintiffs and other members of the certified class for the 2007-2008 and 2008-2009 citrus harvest seasons</u>:

    The parties disagree over whether Section 448.08, *Florida Statutes* authorizes the Plaintiffs and certified class members a recovery of attorneys' fees for prevailing on their asserted breach of contract claims in this litigation. The applicability of this statute for the Plaintiffs' breach of contract claims is currently being briefed to the Court pursuant to the briefing schedule outlined in the Court's March 17, 2016 Status Conference and subsequent Order (Dkt. No. 262).

    Should the Court determine that attorney's fees are recoverable under Section 448.08, *Florida Statutes* for Plaintiffs' breach of contract claims, and should it

further determine that it should exercise its discretion to allow reasonable fees to the Plaintiffs under the facts of this case, then the parties stipulate that the amount of attorney's fees attributable to the Plaintiffs' breach of contract claims would be $188,960.15.

Should the Court determine that Section 448.08, *Florida Statutes* does not authorize a fee award for the Plaintiffs' breach of contract claims, or should the Court determine that even if the statute is applicable to the Plaintiffs' breach of contract claims, it should exercise its discretion and not award fees to the Plaintiffs under the facts of this litigation, then the Plaintiffs and the certified class would be entitled to no attorney's fees for their breach of contract claims.

5. While stipulating to the amount of fees as outlined above, the parties agree that CCLP reserves all rights through its pending appeal to set aside the Court's decision concerning its status as a joint employer of Ruiz Harvesting's H-2A workers. For purposes of clarity, therefore, the parties further agree that the stipulated amount of attorneys fees for the trial court proceedings as described above are contingent upon the 11th Circuit's ultimate ruling on CCLP's status as the Plaintifs' and/or class members' employer.

Dated this 15th day of April, 2016.

| | |
|---|---|
| */s/ Gregory S. Schell* | */s/ David J. Stefany* |
| GREGORY S. SCHELL | DAVID J. STEFANY |
| Florida Bar No. 287199 | Florida Bar No. 0438995 |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |
| | |
| **FLORIDA LEGAL SERVICES, INC.** | **ALLEN NORTON & BLUE, P.A.** |
| **MIGRANT FARMWORKER JUSTICE PROJECT** | Hyde Park Plaza - Suite 225 |
| P. O. Box 32159 | 324 South Hyde Park Avenue |
| Palm Beach Gardens, FL 33420 | Tampa, Florida 33606-4127 |
| (561) 582-3921 | (561) 582-4884 - Fax | (813) 251-1210 | (813) 253-2006 – Fax |
| E-mail: greg@floridalegal.org | E-mail: dstefany@anblaw.com |

and

*/s/ Karla C. Martinez*
KARLA C. MARTINEZ
Florida Bar No. 094674
*Counsel for Plaintiffs*

**FLORIDA LEGAL SERVICES, INC.**
**MIGRANT FARMWORKER JUSTICE PROJECT**
4260 W. Newberry Rd., No. 412
Newberry, FL 32669
(352) 375-2494 – (352) 331-5202 - Fax
E-mail: karla@floridalegal.org

and

*/s/ Victoria Mesa-Estrada*
VICTORIA MESA-ESTRADA
Florida Bar No. 076569
*Counsel for Plaintiffs*

**Mesa-Estrada Law, P.A.**
Compson Financial Center, Suite 250
1880 North Congress Avenue
Boynton Beach, FL 33426
561.582.3921 | 561.582.4884 – Fax
E-mail: victoria@mesaestradalaw.com