UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | | |
|---|---|---|
| GAUDENCIO GARCIA-CELESTINO, *et al.,* individually and on behalf of all other persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) ) | 2:10-C-542-MEA-MRM Hon. Marvin E. Aspen |
| CONSOLIDATED CITRUS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR AWARD OF ATTORNEY'S FEES
PURSUANT TO § 448.08, FLA. STAT.**

Defendant Consolidated Citrus Limited Partnership ("CCLP") cites several reasons as to why the Court should deny the request by the Plaintiffs and the class members (collectively, "Farmworkers") for an award of attorney's fees under §448.08, Fla. Stat. CCLP argues that at least a portion of the Farmworkers' recovery does not constitute "back wages" under the statute. CCLP also urges the Court to exercise its discretion to deny the requested award of attorney's fees, because the circumstances of this case warrant such action and denying fees would not frustrate the legislative intent underlying §448.08. In CCLP's view, to award §448.08 attorney's fees in this action would result in an unprecedented expansion of Florida law.

This memorandum responds to CCLP's arguments.

## I. The damages awarded the Plaintiffs and the class members are "back wages" within the meaning of §448.08, Fla. Stat.

The $195,156.54 damages award to the Farmworkers (Docket Entry 249) consists of two components: pre-employment expenses incurred primarily for the benefit of their employers and the "build up" wages the Farmworkers were forced to kick back to Ruiz Harvesting. All of these damages are "back wages" within the meaning of §448.08, Fla. Stat.

### A. There is no dispute that the moneys the Farmworkers were required to kick back constitute 'back wages."

CCLP acknowledges that attorney's fees under §448.08 may be awarded to an employee who successfully litigates a breach of contract claim for his employer's failure to pay wages. *See* Memorandum of Law in Opposition to Plaintiffs' Asserted Entitlement to Fees Under Section 448.08, *Florida Statues*, Docket Entry 267 ("CCLP Memo.") at 5 ("a breach of contract action specifically for wages which were earned but never paid can be classified under Section 448.08 as a claim for unpaid wages…") Furthermore, CCLP does not dispute that the amounts the Farmworkers were forced to kick back to Ruiz Harvesting constitute "back wages" under §448.08, Fla. Stat. *Id*., at 5, Note 2 ("CCLP does not contest a contention that Section 448.08 would have entitled Plaintiffs and the certified class members to an award of attorney's fees and costs … for recovering damages on their claims for kicked back wages").[1] These kicked-back wages constitute over $169,000 of the over $192,000 in contract damages awarded.

---

[1] Because it contends it did not employ the Farmworkers and therefore is not contractually obligated to them, CCLP argues that any fees under §448.08 for the kickback claims are the sole responsibility of Ruiz Harvesting.

### B. The damages awarded for CCLP's failure to reimburse pre-employment visa and transportation expenses during the first week of employment are "back wages" under §448.08, Fla. Stat.

CCLP urges the Court to deny attorney's fees under §448.08 because $23,089.99 of the damage award was for CCLP's failure to fully reimburse the Farmworkers' pre-employment travel and visa expenses. CCLP asserts that these damages are not for "wages," but instead are for the breach of contractual obligations imposed by federal regulations at 20 C.F.R. §655.102(b)(5)(i) (2006).[2] CCLP misconstrues the nature of these claims.

The regulatory provision cited by CCLP requires H-2A employers to reimburse certain pre-employment expenses, but only at the halfway point of the employment contract. Furthermore, the regulation does not require reimbursement of visa expenses incurred by the worker.

By contrast, the Farmworkers were awarded damages "for reimbursement of pre-employment expenses incurred .. for their respective initial workweeks of employment." *See* Joint Post-Trial Stipulation (Docket Entry 243) at 2-3, ¶¶ 2 and 4. Thus, all of the class members were awarded damages, not merely those who completed the first half of the contract period, as would have been true had the claims been based on 20 C.F.R. 20 C.F.R. §655.102(b)(5)(i). In addition, the damages awarded included reimbursement for two classes of expenses not included in 20 C.F.R. §655.102(b)(5): visa expenses and charges assessed by Ruiz's agent, Rene Flores, for completing visa application paperwork. *See* Memorandum Opinion and Order (Docket Entry 222) at 29-30.

---

[2] This employer obligation appears in the current H-2A regulations at 20 C.F.R. §655.122(h).

In this case, the Farmworkers' reimbursement claims were premised on CCLP's failure to pay them the requisite adverse effect wage rate during their first workweek of work, rather than for CCLP's failure to make payments halfway through the season for pre-employment and transportation expenses. *See* Amended Complaint (Docket Entry 34) at 13, ¶ 30 (the Farmworkers were not reimbursed for pre-employment transportation and visa expenses "during the first week of their employment with the Defendants."); Plaintiffs' post-trial brief (Docket Entry 213) at 13, n.16 ("Workers must be reimbursed during the first workweek for pre-employment expenses which "primarily benefit the employer" to the extent that such expenses reduce the employee's earnings below the guaranteed wage.") These obligations were based on the reasoning of the Eleventh Circuit in *Arriaga v. Florida-Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002). In *Arriaga,* the appeals court rejected the employer's contention that its obligation to reimburse pre-employment expenses was limited to the payments due halfway through the contract period pursuant to 20 C.F.R. §655.102(b)(5)(i). Instead, transportation and visa expenses incurred by H-2A workers as a prelude to employment in the United States are *de facto* deductions from the first workweek's wages and, to the extent that these expenses leave the worker's net workweek earnings below the federal minimum wage, they violate the Fair Labor Standards Act. 305 F.3d at 1236-37, 1242. *See also Moreno-Espinosa v, J & J Ag Products*, 247 F.R.D. 686, 689 (S.D. Fla. 2007) (under Eleventh Circuit law, H-2A workers must be reimbursed for pre-employment expenses in the first week of employment).

The Court's award of FLSA damages was based on *Arriaga*'s reasoning. *See* Memorandum Opinion and Order (Docket Entry 222) at 30-31. But these *de facto* deductions not only reduced the Farmworkers' first workweek wages below the FLSA minimum wage; they also left the pickers with less than the guaranteed adverse effect wage, which was higher than the

FLSA rate. This Court has previously held *de facto* deductions of this sort breach the H-2A employer's contractual obligation to pay the worker at least the adverse effect wage rate. *See Avila-Gonzalez v. Barajas*, Case No. 2:04-cv-567, 2006 WL 643297 at *2 ("In this action, the applicable wage rate is the adverse effect wage rate; to the extent that the workers' net earnings for the first week of work fell below the rate because of the pre-employment expenses discussed below, [the employers] were required to reimburse these amounts to the workers.")

Because its liability for reimbursement of pre-employment expenses derived from these *de facto* deductions depriving the Farmworkers of the contractual adverse effect wage rate, these claims are, in fact, for "monies for services rendered" rather than for "unaccrued wages." Accordingly, the decisions in *Jimenez-Garcia v. Sorrells Bros. Packing Company* and *Joseph v. Commonwealth Land Title Insurance Company* are inapposite.

### C. Denial of attorney's fees in this case will frustrate the legislative intent underlying §448.08 to allow workers to secure legal counsel to recover unpaid wages.

CCLP also claims that any award of attorney's fees under §448.08 to the Farmworkers, including for the claims for kick-backed wages, "would violate the clear legislative intent of the statute." *See* CCLP Memo., at 7. This contention is without merit.

CCLP concedes that the legislative policy behind §448.08 is to enable underpaid workers to obtain legal counsel to pursue their claims. *Id.,* at 6-7. Unquestionably denying fees in this case would discourage attorneys from representing other farmworkers in future meritorious claims to recover unpaid wages. Such incentives are especially important in cases such as these, where the workers do not reside in the United States, greatly increasing the costs of pursuing claims for unpaid wages. Nonetheless, CCLP argues that equitable concerns mandate a denial of

fees, despite the result of doing so would undoubtedly be to reduce the odds that similar suits, no matter how meritorious, would be brought by H-2A guestworkers in the future.

The Court determined that CCLP was a joint employer of the Farmworkers. Among other things, this means the company is responsible for paying the FLSA minimum wages due, as well as the relatively modest attorney's fees relating to the FLSA claims. CCLP evidently acknowledges this liability and is not contesting the FLSA attorney's fee award.

CCLP nonetheless argues that different considerations should apply with regard to the award of fees under §448.08 because that statute *"is rooted in equity."* CCLP reasons that because joint employer Ruiz Harvesting engineered the wage kickbacks, it would be unfair to impose an award of attorney's fees on CCLP, which was not involved in the scheme. According to CCLP, "Florida courts have only permitted attorney's fee awards under Section 448.08 in instances when the employment contract existed between the employee and the individual or business directly responsible for paying the employee's wages." *Id.*, at 4-5.

First, CCLP is mistaken with respect to the law. This Court has not limited the award of fees under §448.08 to entities which were directly responsible for paying the employee's wages. *See, e.g., Perez v. Mediglez Wellness Center, Inc.*, No. 8:12-cv-2751, 2013 WL 5566183 (M.D. Fla., Oct 8, 2013) (awarding fees under 448.08 against joint employers).[3]

---

[3] CCLP argues that imposing liability for attorney's fees on the company would be contrary to the H-2A regulations at 20 C.F.R. §§655.110(d) and (e) (2006). However, those regulations apply only to agricultural associations which operate as joint employers with member growers. They do not govern joint employer relationships between growers and farm labor contractors. There is a reason for this distinction. Agricultural associations assist growers in applying for H-2A guestworkers and assign recruited workers to member farms. *See*, *e.g.*, *Villalobos v. North Carolina Growers Ass'n*, 42 F.Supp.2d 131, 133 (D.P.R. 1999). The associations are rarely, if ever, present on the farms while the H-2A workers are employed and therefore are not in a position to ensure compliance with many of the H-2A regulations. By contrast, growers such as CCLP are well situated to oversee the actions of the labor contractors who furnish them with labor, much as CCLP did with respect to Ruiz Harvesting.

Secondly, CCLP has cited no authority for the proposition that §448.08 are tempered by principles of equity and the undersigned is unaware of any court reaching such a conclusion. Indeed, this Court has observed that §448.08 does not require any showing of bad faith to support an award of attorney's fees. *See Embler v. Walker Electrical Systems of Florida, Inc.*, No. 2:05-cv-256, 2008 WL 2338102 at *2 (M.D. Fla., June 3, 2008).

Third, even if principles of equity were applied, they do not support a denial of fees against CCLP in this case. CCLP complains that it would be unfair to assess attorney's fees against the company while the Farmworkers' settlement with joint employer Ruiz Harvesting did not provide for any payment of costs or attorney's fees. CCLP Memo., at 7.

The Farmworkers' decision to acquiesce in a settlement with Ruiz Harvesting absent an award of attorney's fee was based in large part of Ruiz Harvesting's limited assets to contribute toward a settlement. At the time of the settlement, Ruiz Harvesting owed substantial sums to its counsel and its "ability .. to …pay a judgment, if any was entered, is questionable." *See* Motion by Plaintiffs and Defendants Ruiz Harvesting, Inc. and Basiliso Ruiz, Individually, for Approval of Settlement Agreement (Docket Entry 96), at 2-3. The settlement amounts agreed to were acknowledged to be less than the damages allegedly owed but were agreed to by the parties, and approved by the Court, because they were within Ruiz Harvesting's ability to pay, given its limited financial resources. *Id.*, at 3-4. Given this situation, it would have probably been unethical for the Farmworkers' counsel to insist on an award of attorney's fees at the expense of a further diminution of the payments to the Farmworkers. *See, e.g., Evans v. Jeff D*, 475 U.S. 717, 728-29 (1986).[4]

---

[4] It has long been recognized that in many instances, aggrieved farmworkers are forced to look to farm operators, rather than farm labor contractors such as Ruiz Harvesting, for relief

CCLP also urges that equitable concerns should bar an award of attorney's fees because the company neither directly violated the regulations, nor did it "have knowledge of or have any reason to know of the violations." CCLP Memo., at 7-8. The evidence is to the contrary. CCLP was aware of allegations that its labor contractors "had been taking back money that was deemed to be minimum wage makeup pay from the workers." *See* Docket Entry 55-5 (Deposition of Mike Bartos), at 52. While CCLP undertook some steps to try and curb these abuses, it stopped short of removing wage payment responsibilities from the labor contractors and paying the H-2A workers directly. *Id.*, at 52-55; CCLP Memo., at 11 (acknowledging steps CCLP undertook to try and curb the unlawful kickbacks of worker wages).

## **CONCLUSION**

CCLP acknowledges that the damages for the kicked-back wages qualify as back wage actions under §448.08, Fla. Stat. The award for unreimbursed pre-employment expenses also are for unpaid wages, *i.e.*, the failure to pay the adverse effect wage rate to the Farmworkers during their initial week of work because of the *de facto* deductions for transportation, visa processing fees by Rene Flores and visa expenses. An award of attorney's fees in this case is entirely consistent with the legislative purposes of §448.08, because the availability of such fees helps enable workers to obtain counsel to assist them in collecting their unpaid wages. While fee awards under §448.08 are not governed by equitable principles, the circumstances here do not warrant a denial of fees. In the absence of fee awards, it is unlikely that attorneys will be willing to undertake protracted litigation on behalf of H-2A guestworkers, regardless of the amount of unpaid wages at stake.

---

because of the limited financial resources of the labor contractors. *See, e.g., Soliz v. Plunkett*, 615 F.2d 272, 277 (5th Cir. 1980).

Dated: May 6, 2016                                          Respectfully submitted,


*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Post Office Box 32159
Palm Beach Gardens, Florida  33420
Telephone: (561) 582-3921
Facsimile: (561) 328-3814
e-mail: Greg@Floridalegal.Org



*/s/ Victoria Mesa*
Victoria Mesa
Florida Bar Number 076569
Mesa-Estrada Law, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida  33426
Telephone:  (561) 880-8062
Facsimile:  (561) 828-8359
e-mail: Victoria@mesacoelaw.com


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 6th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to David J. Stefany and Shaina Thorpe of Allen, Norton & Blue, Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, counsel of record for Defendant Consolidated Citrus LP.

                                         */s/ Gregory S. Schell*
                                         Gregory S. Schell