UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAUDENCIO GARCIA-CELESTINO, et al.,
individually, and on behalf of all other persons
similarly situated,

    Plaintiffs,

v.                                    Case No. 2:10-cv-00542-MEA-UAM

CONSOLIDATED CITRUS LIMITED PARTNERSHIP,

    Defendant.
_____/

**SETTLEMENT AGREEMENT, FULL AND FINAL RELEASE
AND COVENANT NOT TO SUE**

    This Settlement Agreement, Full and Final Release Covering All Claims and Rights of Every Description and Covenant Not to Sue (hereinafter referred to as "Agreement"), is entered into by and between:

    a)    Consolidated Citrus Limited Partnership, and each of its present, past, and future affiliates, predecessors, successors, assigns, insurers, owners, partners, joint venturers, shareholders, servants, officers, directors, board or governing members, employees, agents, principals, relatives, spouses, representatives, beneficiaries, alter egos and attorneys; and,

    b)    Ernesto Aguilar Bocanegra, Porfirio Aguilar Fabian, Miguel Aguilar Guerrero, Felipe Angeles Gallardo, Rodolfo Caballero Palacio, Reynaldo Camacho Garcia, Daniel Ferro Nieves, Jose Manuel Ferro Nieves, Eduardo Flores Aguilar, Gaudencio Garcia Celestino, Esiquio Garcia Martinez, Espiridion Gonzalez Martinez, Pascual Guerrero Fabian, Antonio Martinez,

1

Francisco Mata Cruz, Juaquin Resendiz Alvarez, Jesus Rojas Maldonado, Ramon Ruiz Landeros, and Martin Ruiz Olanderos (collectively, the FLSA Plaintiffs"); and

c) Florida Legal Services, Inc., and each of its present, past, and future affiliates, predecessors, successors, assigns, insurers, owners, partners, joint venturers, shareholders, servants, officers, directors, board or governing members, employees, agents, principals, relatives, spouses, representatives, beneficiaries, alter egos and attorneys (collectively, "FLS").

WHEREAS, the Plaintiffs filed their original complaint in the United States District Court for the Middle District of Florida, Case Number 2:10-cv-00542-CEH-DNF, against Ruiz Harvesting, Inc. ("Ruiz Harvesting") Basiliso Ruiz, individually ("Ruiz"), and Consolidated Citrus Limited Partnership ("CCLP") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, the minimum wage provisions of the Florida Constitution, Article 10 §24, breach of a work contract, violations of H-2A regulations, a failure to provide wage and transportation benefits, a failure to maintain payroll records and a failure to issue wage statements, a failure to fully reimburse the Plaintiffs for the cost of Plaintiffs' inbound and outbound transportation between the Defendants' worksite and the workers' homes in Mexico; and,

WHEREAS all Defendants responded to the Plaintiffs' Complaint and Amended Complaint by denying any legal responsibility for the asserted violations; and,

WHEREAS, for sufficient consideration Urbano Sanchez-Rodriguez, Leopoldo Trejo-Carrillo, Roberto Vasquez Escobar, Israel Ugalde Eguia and Francisco Suarez-Galvan ("Settling Plaintiffs") entered into full and complete Settlement Agreements and

provided Releases covering all legal claims and rights of action they had against the Defendants, and such Settlement Agreements were approved as fair and reasonable settlements by the Court (D.E. 78; D.E. 144); and,

WHEREAS, the remaining Plaintiffs and members of the certified class ("Remaining Plaintiffs") entered into full and complete Settlement Agreements and provided Releases covering all legal claims and rights of action they had against Ruiz Harvesting and Ruiz, and such Settlement Agreements were approved as fair and reasonable settlements by the Court (D.E. 160); and,

WHEREAS following the adjudication of the parties' cross motions for summary judgment and a six-day bench trial involving the claims of the Remaining Plaintiffs against CCLP, the Court entered judgment in favor of CCLP as to the (1) individual FLSA claims of Plaintiffs Porfirio Camacho Garcia, Raymundo Cruz Vicencio, Raul Ismael Estrada Gabriel, J. Carmen Gonzalez Caballero, Juvenal Gonzalez Juarez, Simon Guzman Romero, Procoro Martinez Aguilar, Alfredo Mora Martinez, Jose Jesus Romero Rojas and Luis Vega Camacho, and (2) the breach of contract claims of certified class members Carmelino Garcia Martinez, Juan Hernandez, and Antonio Rodriguez Acevedo, while entering judgment in favor of the Remaining Plaintiffs on their asserted breach of contract claims, and in favor of nineteen of those Remaining Plaintiffs identified as having Fair Labor Standards Act damages as shown in D.E. 233-2 for minimum wage violations for the 2008-2009 citrus harvest season ("FLSA Plaintiffs")(D.E. 249); and

WHEREAS CCLP timely pursued an appeal of the adverse judgment finding it responsible for breach of contract and certain minimum wage claims (D.E. 252), and as a consequence of its appellate review, the Eleventh Circuit affirmed the judgment in favor

of the FLSA Plaintiffs for minimum wage violations for the 2008-2009 citrus harvest season, while reversing the District Court's determination that the FLSA's "suffer or permit to work" standard applied to the breach of contract claims against CCLP, and remanding the issue of CCLP's liability to the Remaining Plaintiffs for breach of contract under the H-2A Program for analysis under common law principles of agency. (D.E. 270). *Garcia Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276, 1293, 1295 (11th Cir. 2016) ("*Garcia Celestino I*"); and,

WHEREAS the District Court on remand determined that CCLP qualified as a joint employer under the H-2A Program (D.E. 283), which resulted in entry of an amended judgment in favor of the Remaining Plaintiffs on their asserted breach of contract claims (D.E. 286); and

WHEREAS CCLP timely pursued a second appeal of the adverse judgment finding it responsible for breach of contract, and its appeal resulted in the amended judgment of liability for the Remaining Plaintiffs' breach of contract claims being vacated (D.E. 290) and remanded to the District Court for the entry of an Amended Judgment in favor of CCLP on the Remaining Plaintiffs' breach of contract claims (D.E. 298); and

WHEREAS following the entry of the Amended Judgment, the FLSA Plaintiffs and CCLP filed separate applications to be awarded costs, and on May 10, 2019, the Court determined that the FLSA Plaintiffs were prevailing parties and awarded them $2,892.60 in trial attorney's fees, $16,615.70 in appellate attorney's fees, and $28,194.82 in costs (D.E. 30-8); and

4

WHEREAS CCLP asserts that the Court's award of costs to the FLSA Plaintiffs in the amount of $28,194.82 (the "costs award") constitutes legal error and is prepared to seek a timely appeal of the Court's decision in this regard to the Eleventh Circuit; and

WHEREAS in lieu of proceeding with a timely appeal, counsel for CCLP and the FLSA Plaintiffs have discussed the merits of a conciliated resolution of the costs award that would being this protracted litigation to an end without the need for further appellate proceedings.

THEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the FLSA Plaintiffs and CCLP hereto agree as follows:

1. CCLP agrees to pay to FLS a total of Two Thousand Eight Hundred Ninety-Two Dollars and Sixty Cents ($2,892.60) representing the stipulated amount of FLSA trial attorney's fees awarded to the FLSA Plaintiffs, and Sixteen Thousand Six Hundred Fifteen Dollars and Seventy Cents ($16,615.70) representing the amount of FLSA appellate attorney's fees awarded to the FLSA Plaintiffs; and

2. CCLP agrees to forego its right to appeal the costs award and pay to FLS a total sum of Eleven Thousand Dollars ($11,000.00), and FLS agrees to accept the sum of Eleven Thousand Dollars ($11,000.00) in full satisfaction of the District Court's costs award. In agreeing to forgo its right to appeal, CCLP further releases the Remaining Plaintiffs from its contention that it is entitled to recover an award of costs against them individually and severally in the amount of Nine Thousand Three Hundred Ninety-Two Dollars and Twenty-One cents ($9,392.21)

3. The settlement proceeds as set forth in Paragraphs 1 and 2 above shall be paid to "Florida Legal Services, Inc." in care of the FLSA Plaintiffs' undersigned counsel.

4. CCLP further agrees to pay the Florida Legal Services Client Trust Account, for the benefit of the FLSA Plaintiffs, the sum of Two Thousand Seven Hundred Twenty-Two Dollars and Twenty Cents ($2,722.20), representing the amount of minimum wage damages awarded by the Court. The FLSA Plaintiffs agree to accept the sum of Two Thousand Seven Hundred Twenty-Two and Twenty Cents ($2,722.20) in full satisfaction of the FLSA minimum wages awarded, inclusive of any claim for interest allegedly due.

The amounts payable to each specific FLSA Plaintiff, as reflected in the parties' stipulation DE-233-2, is as follows:

| | | |
|---|---|---|
| a. | Ernesto Aguilar Bocanegro | $118.90 |
| b. | Porfirio Aguilar Fabian | $253.60 |
| c. | Miguel Aguilar Guerrero | $281.72 |
| d. | Felipe Angeles | $126.69 |
| e. | Rodolfo Caballero Palacio | $65.34 |
| f. | Reynaldo Camacho Garcia | $172.70 |
| g. | Daniel Ferro Nieves | $8.02 |
| h. | Jose Miguel Ferro Nieves | $257.95 |
| i. | Eduardo Flores Aguilar | $193.36 |
| j. | Gaudencio Garcia Celestino | $161.15 |
| k. | Esiquio Garcia Martinez | $199.76 |
| l. | Espiridon Gonzalez Martinez | $31.09 |
| m. | Pascual Guerrero Fabian | $78.70 |
| n. | Antonio Martinez | $215.89 |
| o. | Francisco Mata Cruz | $17.76 |
| p. | Juaquin Resendiz Alvarez | $168.84 |
| q. | Jesus Rojas Maldonado | $205.95 |
| r. | Ramon Ruiz Landeros | $99.38 |
| s. | Martin Ruiz Olanderos | $65.41 |

5. The settlement proceeds and damages CCLP agrees to pay in Paragraphs 1, 2 and 4 above shall be made within thirty (30) days of the of the execution of this Agreement and such sums shall constitute all sums due to be paid based upon the Court's

award and judgment in favor of the FLSA Plaintiffs, and the awards of trial attorney's fees, appellate attorney's fees and litigation costs, inclusive of any claims for interest allegedly due. Upon receipt of the settlement proceeds and before distributing any of said sums, FLS shall file appropriate documentation acceptable to counsel for CCLP which indicates that the award of minimum wage damages to the FLSA Plaintiffs and the awards of attorney's fees and costs have been fully satisfied, and that the clerk may administratively close the court file.

6. If the Court grants the Remaining Plaintiffs' Motion for Entry of Judgment (D.E. 309) prior to execution of this Agreement, the Remaining Plaintiffs shall file an appropriate satisfaction of judgment acceptable to CCLP's undersigned counsel prior to distributing any of the damages and settlement proceeds. If the Remaining Plaintiffs' Motion for Entry of Judgment remains pending as of the date of this Agreement's execution, counsel for Remaining Plaintiffs shall file a Local Rule 3.08 Notice informing the Court that all pending issues in the litigation have been settled and requesting that the case be administratively closed.

7. This Agreement is and shall be binding upon and inure to the benefit of the predecessors, successors, subsidiaries, affiliates, representatives, assigns, officers and employees of each of the parties hereto, and in the case of the FLSA Plaintiffs, to their respective heirs, executors and administrators.

For the Remaining Plaintiffs, the FLSA Plaintiffs,
and for FLS:

_____  
Robert K. Dwyer  
Florida Bar Number 894257  
Florida Legal Services, Inc.  
P.O. BOX 533986  
Orlando, Florida 32853  
Telephone: (407) 801-4679  
e-mail: Robert@Floridalegal.Org  

7/15/19  
Date signed

For Consolidated Citrus Limited Partnership:

_____  
David J. Stefany  
Florida Bar Number 438895  
ALLEN, NORTON & BLUE, P.A.  
324 S. Hyde Park Avenue, Suite 225  
Tampa, Florida 33606-4127  
Telephone: (813) 251-1210  
Facsimile: (813) 253-2006  
e-mail: dstefany@anblaw.com  

07/14/19  
Date signed